## BETSEY COOK *vs.* MIRANDA COOK.

An action for slander cannot be maintained upon a declaration which omits to specify how the alleged special damages resulted to the plaintiff from the defendant's slanderous words.

TORT for slander. The declaration alleged that "the defendant publicly, falsely and maliciously testified in the superior court for the county of Norfolk as a witness for one Fenner Cook, in an action therein pending in which said Betsey Cook was plaintiff and said Fenner Cook was defendant, of and concerning the plaintiff, substantially as follows, viz : Her (meaning the plaintiff) character for truth and veracity is bad. Her (meaning the plaintiff) moral character is bad. Her (meaning the plaintiff) character is bad. Her (meaning the plaintiff) character is not good. And by reason of said false and malicious testimony the plaintiff has suffered special damages, and has been put to great costs and expense thereby, and has had to pay a large sum in costs, by reason thereof, to said Fenner Cook, to wit : one hundred dollars, and has suffered other special costs and expenses thereby, amounting to three hundred dollars." The defendant demurred, on the ground that these allegations were insufficient to sustain the action ; the superior court sustained the demurrer ; and the plaintiff appealed.

*W. Colburn*, for the defendant.

*S. A. Burgess*, for the plaintiff.

WELLS, J. This action can be maintained only upon the ground of special damages suffered by the plaintiff by reason of the words set out as constituting the slander. To sustain the action on this ground, it is necessary that the declaration should set forth precisely in what way such special damages resulted from the words relied on. It is not sufficient to allege generally that the plaintiff has suffered special damages ; or that he has been put to great costs and expenses thereby ; or that he has had to pay one hundred dollars in costs to the other party in the suit in reference to which the words are alleged to have been spoken in the form of testimony. It must be made

to appear, by proper averments, how these special damages were occasioned by the words alleged to have been uttered falsely and maliciously. We may suppose that the plaintiff was a witness in her own behalf in the suit referred to, and that the case may have depended upon her own testimony; that, by reason of her impeachment by the testimony of this defendant, the jury were led to disbelieve the plaintiff; and that thereby she was defeated in the action and subjected to costs. But there are no allegations of this sort; and, without proper allegations to show the connection, it is not to be inferred, nor supplied argumentatively. *Swan* v. *Tappan*, 5 Cush. 104. *Bloss* v. *Tobey*, 2 Pick. 320. *Snell* v. *Snow*, 13 Met. 278. The declaration is insufficient in this respect, and the demurrer must be sustained.

*Judgment for the defendant.*