## SETH H. BRETTUN *vs.* JAMES H. ANTHONY.

A count in a declaration for slander alleged that B., the plaintiff, owned a certain building and the goods therein; that the building and goods were insured and burned; and that after the burning, the defendant, "speaking with reference thereto," and knowing of the insurance, accused the plaintiff of the crime of wilfully burning the building and goods with intent to injure the insurers, by words spoken of the plaintiff substantially as follows: "B. burned the store." Another count alleged that the plaintiff petitioned to be and was adjudged a bankrupt; and that the defendant accused the plaintiff of the crime of disposing, otherwise than in *bonâ fide* transactions, within three months before his petition, and for the purpose of defrauding his creditors, of goods bought by him and unpaid for, attempting to account for them by fictitious losses, and doing acts in violation of the bankrupt act, by words spoken of the plaintiff during the pendency of the bankruptcy proceedings, substantially as follows: "B. burned the store;" "the defendant thereby referring" to the burning "referred to in the preceding count," whereby certain accounts and papers relating to the plaintiff's business were destroyed. *Held*, that both counts were bad, because they did not sufficiently show that any crime was imputed to the plaintiff by the words spoken.

TORT for slander. The third count of the declaration alleged that the plaintiff was the owner of a certain building in Raynham, and occupied it, for the purposes of his trade, with goods, wares, merchandise and other chattels, his property, and for a store; that said building, and also said goods, wares, merchandise and other chattels therein, were insured against loss or damage by fire, and were destroyed by fire during the time they were insured; that "after said destruction by fire, the defendant, speaking with reference thereto, well known that said building, and also said goods, wares, merchandise and other chattels therein were insured against loss or damage by fire as aforesaid, publicly, falsely and maliciously accused the plaintiff of the crime of wilfully burning said building, and the goods, wares, merchandise and other chattels therein, at the time they were so insured against loss or damage by fire, with the intent to injure the insurers thereof, by words spoken of the plaintiff, substantially as follows: 'Some of the folks up your way think

that Henry' (meaning the plaintiff) 'burned the store.'  'I (meaning the defendant) 'have no doubt but what he' (mean· ing the plaintiff) 'burned it.' "

The fourth count alleged that the plaintiff petitioned for the benefit of the bankrupt act, and was duly adjudged a bankrupt ; that proceedings upon the plaintiff's petition were now pending; that the defendant was a creditor of the plaintiff, and had duly proved his claim in bankruptcy ; that " the defendant, well know- ing that said proceedings in bankruptcy had been commenced as aforesaid, publicly, falsely and maliciously accused the plain· tiff of a crime and misdemeanor ; in this, that the plaintiff, with intent to defraud his creditors, within three months before the commencement of the proceedings in bankruptcy on said peti- tion of the plaintiff, did dispose of, otherwise than by *bonâ fide* transactions in the ordinary way of trade, his goods or chattels obtained on credit and remaining unpaid for ; and in this, that the plaintiff did attempt to account for the property, or some part thereof, by fictitious losses or expenses ; and in this, that the plaintiff did acts which are offences under, and are in viola- tion of" the bankrupt act ; " by words spoken of the plaintiff, during the time of the pendency of said proceedings in bank- ruptcy, substantially as follows : ' He' (meaning the plaintiff) 'is the biggest rascal off of the gallows.  Some of the folks up your way think that Henry ' (meaning the plaintiff) 'burned the store.  I have no doubt but what he' (meaning the plaintiff) 'burned the store ;' the defendant thereby referring to the de- struction by fire referred to in the preceding count, by which fire certain memoranda, books, accounts and other papers relating to the plaintiff's trade or business were destroyed ; and that the defendant did publicly, falsely and maliciously accuse the plaintiff, in words spoken of the plaintiff as above set forth, of acts, matters and things" whereby the plaintiff's discharge in bankruptcy would be withheld, or, if granted, would be inval- idated.

The defendant demurred to these two counts as setting forth no good cause of action ; and *Wells*, J., reserved the case on the demurrer for the consideration of the full court.

Brettun *v.* Anthony.

*E. H. Bennett,* ( *W. H. Fox* with him,) for the defendant.

*J. Brown & C. A. Reed,* for the plaintiff.

Colt, J.    The sufficiency of two counts in the plaintiff's declaration is submitted upon this demurrer.   The words act- ually used, as set forth in these counts, do not alone impute a crime which would render the plaintiff liable to punishment. They are consistent with a burning caused without criminal intent. by carelessness or accident; and additional facts are therefore alleged in each count, from which, it is claimed, the criminal quality of the act appears with certainty.   This is to be settled by the familiar rules which govern the pleadings in actions of slander.

Words in themselves harmless, or of doubtful import, become slanderous when used with reference to known existing facts and circumstances in such manner as to convey to the hearer a charge of crime.   This limited protection to reputation the law attempts to give against indirect verbal imputation.   It must however be made apparent, by suitable averments in the decla- ration, that the language employed was used by the defendant slanderously, to the extent stated ; and the words, when taken in their plain and natural import, must be capable of the meaning attributed to them.

The facts which determine the alleged meaning are usually stated in a prefatory manner, followed by a positive averment, or *colloquium,* that the discourse was of and concerning these cir- cumstances.   Whatever the particular order of their arrangement, these averments become material and traversable, and it must appear from them that the words impute the alleged offence.   It is a further elementary principle, that the *colloquium* must extend to the whole of the prefatory inducement, necessary to render the words actionable.

An omission in the respect indicated will not be aided by mere innuendoes, whose office cannot add to or extend the sense or effect of the words set forth, or refer to anything not properly alleged in the declaration.   *Snell* v. *Snow,* 13 Met. 278. General allegations, that the defendant charged the plaintiff, falsely and maliciously, with the commission of a particular ·

crime, accompanied by innuendoes, however broad and sweep-
ing, will not aid a declaration otherwise imperfect. Thus, the
act of burning one's own property becomes a crime only under
special circumstances, as when done for the purpose of defraud-
ing the insurers, or in violation of the provisions of the bankrupt
act. Conversation about such burning, otherwise innocent, or
of doubtful import, may be made actionable, if reference was
had in it to these special circumstances, in such manner as ne-
cessarily to impute the crime. And the declaration is defective,
if it does not set this forth by suitable averments.

It is no answer, that facts and circumstances enough are
stated, unless it is also averred that the speech of the defendant
was with reference to such facts, or so many of them as are
essential elements in the crime. Nor is this want supplied by
alleging that the defendant, at the time of speaking the words,
had knowledge of the particular circumstances which make the
act of which he speaks criminal. He is to be charged only for
a wrong actually committed, irrespectively of his secret knowl-
edge or intent. He is responsible only for the meaning which
the words used by him, reasonably interpreted, convey to the
understanding of the persons in whose presence they were
uttered. *Fowle* v. *Robbins*, 12 Mass. 498. *Bloss* v. *Tobey*, 2
Pick. 320. *Carter* v. *Andrews*, 16 Pick. 1, 5. *Sweetapple* v. *Jesse*,
5 B. & Ad. 27.

Under the practice act, these rules of pleading still prevail.
No averment need now be made which the law does not require
to be proved; but all the substantial facts, necessary to con-
stitute the cause of action, must be stated with substantial
certainty. *Tebbetts* v. *Goding*, 9 Gray, 254. *Chenery* v. *Good-
rich*, 98 Mass. 224.

The plaintiff's declaration, on the counts under consideration,
does not in our opinion meet the requirements here stated. The
first count avers, in substance, the destruction of the plaintiff's
building with the goods therein, and the fact that the building
and goods were at the time of the loss insured against damage
by fire. It then charges that the defendant, speaking with
reference to said destruction by fire, and knowing of the in-

surance, accused the plaintiff of the crime of burning with intent to injure the insurer, by the words recited. The difficulty is, that the words thus spoken are, by reasonable construction, connected with only one of the prefatory allegations, namely, the burning of the building, and with the circumstance of the insurance. They do not therefore impute a crime. In other words, the *colloquium* is not coextensive with the whole inducement which the pleader thought necessary to set out.

The other count is open to the same objection, and fails to connect the words with any conversation relating to the plaintiff's bankruptcy, or any acts which are made offences under the bankrupt act. *Demurrer sustained.*