## HARVEY ADAMS *vs.* SUMNER W. STONE.

Hampshire. Sept. 20. — Oct. 21, 1881. LORD & DEVENS, JJ., absent.

A declaration for slander alleged that the defendant publicly, falsely and maliciously accused the plaintiff of the crime of adultery, by words spoken of him substantially as follows: "H. A. was intimate with his brother's wife for a number of years" (meaning thereby that the plaintiff had committed adultery with his brother's wife for a number of years, meaning the wife of L. A.) *Held*, on demurrer, that the words charged in the declaration as spoken by the defendant were not in themselves actionable; and that the innuendo did not enlarge their natural meaning.

TORT for slander. The declaration alleged that the defendant, on November 10, 1879, at Springfield, "publicly, falsely and maliciously accused the plaintiff of the crime of adultery, by words spoken of the plaintiff to one Mrs. William Brown, substantially as follows, to wit: 'Mr. Harvey Adams was intimate with his brother's wife for a number of years;' (meaning thereby that the plaintiff had committed adultery with his brother's wife for a number of years, meaning the wife of Lewis Adams.)"

The defendant demurred to the declaration, on the ground that it did not state a legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. B. Bottum*, (*D. W. Bond* with him,) for the plaintiff.

*W. G. Bassett*, for the defendant.

ENDICOTT, J. The demurrer was properly sustained. The words charged in the declaration as spoken by the defendant do not in themselves impute or imply the commission of a crime.

They merely state that the plaintiff was intimate with his brother's wife for a number of years. If the plaintiff intended to prove that the words, as used by the defendant, charged him with the commission of adultery with his brother's wife, he should have alleged the facts, circumstances or conversation in connection with which they were spoken and which gave to them this special and peculiar meaning. The innuendo is wholly insufficient for that purpose; it does not enlarge the meaning of the words beyond their natural import. It must appear from the declaration that the words used are actionable. *Bloss* v. *Tobey*, 2 Pick. 320. *Tebbetts* v. *Goding*, 9 Gray, 254. *Goodrich* v. *Hooper*, 97 Mass. 1. *Brettun* v. *Anthony*, 103 Mass. 37. *York* v. *Johnson*, 116 Mass. 482. *Krebs* v. *Oliver*, 12 Gray, 239. *Fowle* v. *Robbins*, 12 Mass. 498. *Goodrich* v. *Davis*, 11 Met. 473. *Carter* v. *Andrews*, 16 Pick. 1.

*Judgment affirmed.*