ALEXANDER MCCALLUM *vs.* JASPER E. LAMBIE.
CHAUNCEY H. PIERCE *vs.* SAME.

Hampshire.  Sept. 20. — Nov. 22, 1887.  C. ALLEN & HOLMES, JJ., absent.

Under the Pub. Sts. c. 153, § 8, a ruling of the Superior Court, sustaining a demurrer to a declaration in an action at law, and ordering judgment for the defendant, may be revised by this court on a bill of exceptions.

The declaration in an action for libel alleged, in the first count, that the defendant falsely and maliciously accused the plaintiff of conspiring with P. to defraud the neighbors and friends of the plaintiff and P.; and that the defendant caused said false and malicious libel to be published in a certain newspaper, as follows: "As to the E. Company, I doubt not all are willing it should pay a fair dividend, six per cent, even ten per cent, on the actual value of the plant. Here comes the rub, when the N. Company was capitalized for $40,000 its actual value was not $15,000. It was a plan for the T. Company to make a good sale, as no profit could be made with the sharp, bitter competition of the S. Company in the field, and it was a scheme by which certain parties (meaning the plaintiff and said P.) attempted to make $20,000 or more by buying a property worth in the neighborhood of $15,000 and capitalizing it for $40,000, and by selling stock to their neighbors and friends (meaning the neighbors and friends of the plaintiff and said P.) which was more than half water (meaning that more than half of the par value of said stock represented no assets and was of no real value). In fact, the T. plant at the time it was sold and capitalized for $40,000 was not worth near $15,000, as a large sacrifice had to be made, and was made by the projectors (meaning the plaintiff and said P.), who dare not force the loss of removing the S. competition on the stockholders after making 100 per cent and more on the stock sold." The second count alleged that the plaintiff was engaged in business in the city in which the newspaper was published; and that the defendant caused to be published in said newspaper "a false and malicious libel concerning the plaintiff, whereby the plaintiff was greatly injured in his

trade, business, and employment;" and set out the publication annexed to the first count. *Held,* on demurrer, that the declaration was insufficient, in failing to apply the alleged libellous words to the plaintiff, or to show in what sense they were used.

TWO ACTIONS OF TORT. The declaration in the first case contained two counts.

The first count was as follows: " The plaintiff says the defendant falsely and maliciously accused the plaintiff of conspiring with Chauncey H. Pierce of said Northampton to defraud the neighbors and friends of said plaintiff and said Pierce, and the defendant caused said false and malicious ·libel to be published in a newspaper published in said Northampton, called the Hampshire County Journal, a copy whereof is hereto annexed, viz.: 'As to the Electric Light Company, I doubt not all are willing it should pay a fair dividend, six per cent, even ten per cent, on the actual value of the plant. Here comes the rub, when the Northampton Electric Light Company was capitalized for $40,000 its actual value was not $15,000. It was a plan for the Thomson-Houston Company to make a good sale, as no profit could be made with the sharp, bitter competition of the Schuyler Company in the field, and it was a scheme by which certain parties (meaning the plaintiff and said Pierce) attempted to make $20,000 or more by buying a property worth in the neighborhood of $15,000 and capitalizing it for $40,000, and by selling stock to their neighbors and friends (meaning the neighbors and friends of the plaintiff and said Pierce) which was more than half water (meaning that more than half of the par value of said stock represented no assets and was of no real value). In fact, the Thomson-Houston plant at the time it was sold and capitalized for $40,000 was not worth near $15,000, as a large sacrifice had to be made and was made by the projectors (meaning the plaintiff and said Pierce), who dare not force the loss of removing the Schuyler competition on the stockholders after making 100 per cent and more on the stock sold.' "

The second count was as follows: " The plaintiff says that he is engaged in the business of a merchant in said Northampton, and as a manufacturer in the city of Holyoke in the county of Hampden, in said Commonwealth; and the plaintiff says the defendant caused to be published in a newspaper published in

said Northampton, called the Hampshire County Journal, a false and malicious libel concerning the plaintiff (a copy whereof is hereto annexed), whereby the plaintiff was greatly injured in his trade, business, and employment." Then followed a copy of the same publication set out in the first count.

The declaration in the second case was similar to that in the first.

The defendant demurred to the declaration in each case, assigning in each the following grounds of demurrer: "1. Because there is not set forth anything in either count which is by its natural import libellous, or which furnishes legal ground for an action for libel, or is actionable on any ground. 2. Because the matter set out, with accompanying averments, in either count, is not libellous as to the plaintiff, or at all; nor does it appear that the matter set out relates to the plaintiff."

The Superior Court sustained the demurrers, and ordered judgments for the defendant; and the plaintiffs alleged exceptions.

*D. W. Bond*, for the plaintiffs.

*W. G. Bassett*, for the defendant.

KNOWLTON, J. These two cases differ only in the kinds of business in which the plaintiffs are respectively alleged to have been engaged, and the opinion given in the first is equally applicable to the second.

The defendant contends that the only remedy for an erroneous ruling upon a demurrer is by appeal, and that the bill of exceptions should be dismissed. The usual and better practice is to bring to this court questions of law arising upon demurrers in the Superior Court by appeal, and not by exception. But by the Pub. Sts. c. 153, § 8, "in all cases, civil and criminal, . . . . a party aggrieved by an opinion, ruling, direction, or judgment of the court in matters of law may allege exceptions thereto," upon which the matter may be further heard. An appeal from a ruling or judgment upon a demurrer in an action at law in the Supreme Judicial Court will not lie, and the remedy for error in such a case is by exception only. *Cowley* v. *Train*, 124 Mass. 226. Appeals and exceptions taken upon interlocutory matters cannot be heard in this court until the proceedings at nisi prius to determine the legal rights of the parties appear to be ended. *Bennett* v. *Clemence*, 3 Allen, 431. In this action the record

indicates that the order of judgment and the ruling sustaining the demurrer were simultaneous, and the exceptions then taken are properly before us.

The declaration is in two counts, the first to recover general damages for an injury to reputation from the publication of a libel, and the second charging an injury to the plaintiff's business from the same cause. In actions of libel and slander, it has always been held necessary, both in England and in this country, to allege the application of the words to the plaintiff; and, if in themselves they do not make their meaning clear, to allege also what will show their defamatory character. *Goldstein* v. *Foss*, 6 B. & C. 154. *Capital & Counties Bank* v. *Henty*, 7 App. Cas. 741. *Bloss* v. *Tobey*, 2 Pick. 320. *Carter* v. *Andrews*, 16 Pick. 1. *Goodrich* v. *Davis*, 11 Met. 473. The technical strictness of the common law has been relaxed by the English Common Law Procedure Act of 1852, 15 & 16 Vict. *c.* 76, and by the Massachusetts statute of the same year; but the general principle of our practice stated in the Pub. Sts. *c.* 167, § 2, which requires that the "substantive facts necessary to constitute the cause of action may be stated with substantial certainty, and without unnecessary verbiage," and the more particular requirement accompanying the form for a declaration in slander in the same chapter, that, where the natural import of the words is not otherwise intelligible, "the declaration should contain a concise and clear statement of such things as are necessary to make the words relied on intelligible to the court and jury in the same sense in which they were spoken," call for averments to show particularly how the plaintiff has been defamed. *Baldwin* v. *Hildreth*, 14 Gray, 221. *Chenery* v. *Goodrich*, 98 Mass. 224. *York* v. *Johnson*, 116 Mass. 482. *Brettun* v. *Anthony*, 103 Mass. 37. *Adams* v. *Stone*, 131 Mass. 433.

The first count does not allege, in accordance with the form in the statute, that the libel was published "concerning the plaintiff." In *Baldwin* v. *Hildreth, ubi supra*, it was decided, Chief Justice Shaw giving the opinion, that a declaration that a "defendant publicly, falsely, and maliciously accused the plaintiff of the crime of larceny, in words substantially as follows, 'He is a thief,'" was bad on demurrer, for want of an allegation that the words were spoken of the plaintiff.

But the second count contains the allegation, and it becomes important to determine whether, with that, enough is set out to enable the plaintiff to maintain his action. The fundamental principle of our statute does not differ from that of the common law. The allegations must show, not only that the words apply to the plaintiff, but also in what sense they are used, and how they are defamatory. A statement that they were published "concerning the plaintiff" is insufficient, if from their character they do not intelligibly apply to him in a defamatory sense. The defendant is entitled to be informed by the declaration what is imputed to him, — what injury he is said to have inflicted, and how he is said to have inflicted it. If the meaning of the language is clear, and a charge that it was used of the plaintiff shows how it would naturally injure him, nothing more is necessary. But if it is ambiguous, and, with an allegation that it was published of another, it is not apparent whether it was applicable to him, or whether it was applicable in a defamatory sense, or, if it was, in which of possible different defamatory senses, all such additional facts must be alleged as will make its meaning clear. General allegations and innuendoes are not enough. In *Brettun* v. *Anthony, ubi supra*, it is said that "general allegations, that the defendant charged the plaintiff, falsely and maliciously, with the commission of a particular crime, accompanied by innuendoes, however broad and sweeping, will not aid a declaration otherwise imperfect." It is familiar doctrine that innuendoes do not enlarge, but merely restate in plainer terms, the meaning of the language which precedes them.

In the declaration in this case, the "concise and clear statement" called for by our statute, and answering to the inducement and colloquium of common law pleading, is wanting. The words alleged to have been published do not indicate their application to a particular person, — much less how they apply to him, or what relation he had to the matters to which they refer. It is impossible to determine with certainty from them how many actors participated in the transactions, or what parts they respectively took, or whether the conduct of any one was moral or immoral, innocent or guilty. Their meaning, as imputing what would expose one of whom they are alleged to

have been published to hatred, contempt, or ridicule, is not intelligible, and can only be vaguely conjectured. The demurrer was, therefore, rightly sustained.

The gist of the charge in the second count seems to be the injury to the plaintiff's business; and damages for such an injury cannot be recovered without an allegation that the words were published of and concerning the plaintiff in his trade, business, or profession. *James* v. *Brock*, 9 Q. B. 7. *Odiorne* v. *Bacon*, 6 Cush. 185. But we prefer to rest our decision upon the broader ground already stated, and so we have not considered the questions that might arise in this aspect of the case.

*Exceptions overruled.*