GEORGE H. THOMAS *vs.* CHARLES E. BLASDALE.
SAME *vs.* CLARA V. DOLE.

Hampden.  September 25, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Slander — Accusation of Crime — Declaration — Demurrer — Law and Fact.*

Two declarations in actions of slander against different persons each alleged that
the respective defendants, in speaking of the death of the plaintiff's wife, accused
him of the crime of murder, the words in one case being, "He killed her by his
bad conduct, and I think he knows more about her being drowned than anybody
else; he is to blame for it_"; and in the other case, "He knows how she came
to her death; he killed her; he is to blame for her death; there was foul play
there." *Held*, on demurrer, that the former words in their natural sense did
not import a charge of murder, but that it could not be said that the latter
words might not fairly be considered to impute such a crime.

Two ACTIONS OF TORT for slander. The declaration in the
first case was as follows:

" And the plaintiff says the defendant publicly, falsely, and
maliciously accused the plaintiff of the crime of murder, by
words spoken of the plaintiff substantially as follows, to wit:
' He (meaning the plaintiff) killed her (meaning the plaintiff's
wife, Mary J. Thomas) by his bad conduct (meaning the bad
conduct of the plaintiff), and I (meaning the defendant) think he
knows more about her being drowned than anybody else. He
(meaning the plaintiff) is to blame for it.' "

The declaration in the second case was as follows:

" And the plaintiff says the defendant publicly, falsely, and
maliciously accused the plaintiff of the crime of murder, by
words spoken of the plaintiff substantially as follows, to wit:
' He (meaning the plaintiff) knows how she (meaning the plain-
tiff's wife) came to her death (meaning the death of the plain-
tiff's wife). He (meaning the plaintiff) killed her (meaning the
plaintiff's wife). He (meaning the plaintiff) is to blame for her
death (meaning the death of the plaintiff's wife). There was
foul play there.' To the great damage of the plaintiff."

The defendants demurred to the declaration in each case, on
the ground " that the declaration does not state a legal cause of
action substantially in accordance with the rules of law, in that

the alleged slanderous words do not, by their natural import, or in connection with any facts or explanations stated in the declaration, in any manner charge or impute the crime of murder, and are not in themselves actionable."

The Superior Court sustained the demurrers, and ordered judgments for the defendants ; and the plaintiff appealed to this court.

*H. W. Ely*, for the plaintiff.

*G. D. Robinson*, for the defendants.

C. ALLEN, J. The declarations in these cases set forth no extrinsic circumstances which might give significance to the words alleged to have been spoken by the respective defendants, and we have only to consider whether the words themselves, taken in their natural sense, and without a forced or strained construction, may fairly import a charge of criminal homicide. *Young* v. *Cook*, 144 Mass. 38. *Boynton* v. *Shaw Stocking Co.* 146 Mass. 219, 221. *Twombly* v. *Munroe*, 136 Mass. 464.

In the first case, the words are, " He killed her by his bad conduct, and I think he knows more about her being drowned than anybody else. He is to blame for it." The explanation that the killing was by his bad conduct shows that no charge of killing in a criminal sense was intended, or fairly to be understood. In this case the demurrer was properly sustained, and the judgment for the defendant is affirmed.

In the second case the words are, " He knows how she came to her death. He killed her. He is to blame for her death. There was foul play there." The charge of having killed her is general. The statement that there was foul play there, may naturally be found to signify something more than mere bad conduct. The words, " He is to blame for her death," taken with the context, do not necessarily weaken the force of the more direct charges. Taken as a whole, the court cannot say that these words may not fairly be considered to impute a crime to the plaintiff. It has long and often been held that a general charge of killing, unexplained, is sufficient. *Cooper* v. *Smith*, Cro. Jac. 423. 1 Roll. Abr. 77. 1 Com. Dig., Action upon the Case for Defamation, D. 2. *Eckart* v. *Wilson*, 10 S. & R. 44. *Taylor* v. *Casey*, Minor, (Ala.) 258. *Hays* v. *Hays*, 1 Humph. 402. In this case, the demurrer should have been overruled.

*Ordered accordingly.*