LORING LOKER *vs.* JAMES L. CAMPBELL & another.

Middlesex.    November 20, 1894. — March 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Libel — Publication — Question for Jury as to Construction of Article —*
*Allegation of Justification — Evidence in Rebuttal.*

At the trial of an action for libel for the publication of an article charging a person
with unnecessarily failing to provide his cattle with proper shelter and protection
from the weather, within the meaning of Pub. Sts. c. 207, § 52, the judge declined
to rule that the article was not actionable, and submitted to the jury the questions
whether it was fairly to be understood as charging the plaintiff with cruel treat-
ment of his cows by unnecessarily failing to provide them with sufficient shelter
or protection from the weather, and whether it also referred to and charged
cruel treatment by failing to furnish sufficient shelter during the winter preced-
ing the date of the libel. *Held,* that the refusal to rule, as matter of law, that
the publication was not actionable, was right, that the ruling submitting to the
jury the construction of the article was sufficiently favorable to the defendant,
and, further, that the court was inclined to think that the judge could have ruled
as matter of law that the publication was libellous.

In an action for libel for the publication of an article charging a person with un-
necessarily failing to provide his cattle with proper shelter from the weather, the
defendant in his answer alleged in justification that the publication was true,
and introduced evidence to show the condition of the plaintiff's barn upon the
day when the article was published, in that it contained cracks in the boarding.
The plaintiff, in rebuttal, offered testimony to show that from the early fall to
March 1st, on the 23d day of which month the article was published, the cracks
were covered up with hay so that the wind and cold did not penetrate the barn.
The judge instructed the jury that such evidence would not be competent,
unless they found that the libel covered the said period previous to the publica-
tion, and the defendant excepted. Witnesses for the defendant having testified
that on the date of the libel the barn was cold, the plaintiff, in rebuttal, was
allowed to ask certain witnesses who had examined the barn on and about the
date of the publication, " State whether or not the barn was cold or warm,"
each of whom answered that it was warm ; and the defendant excepted. *Held,*
that the evidence in rebuttal was properly admitted.

TORT, for an alleged libel contained in the following words,
published in a newspaper called The Evening Star, on March 23,
1893, in Lowell, which newspaper was owned and published by
the defendants : —

" Brutal Treatment of Cows.    This morning a Star reporter
took a drive out to Chelmsford to see some cattle with Agent
Drury of the Humane Society; they went out past the poor

farm and stopped at the place of Mr. Loker, who keeps or tries to keep ten head of cattle and four horses in a barn that looks like a hencoop, for there is really as much space between the boards as the boards are wide. It is a wonder that the cattle that have been stabled there this winter have n't frozen to death. To-day is not as cold as it has been this winter, but one should jump around rather lively to keep warm in the structure. Mr. Loker explained it all by saying that he built the barn.

" Mr. Loker has peculiar views in regard to the care of cattle. He says they need no better food than hay, and he does n't believe in giving them anything else, and the cows show the result of that peculiar method, as they are as thin as the stanchions that hold them. Besides this, they are suffering from a mange and from lice. These plagues taken together have eaten the hair and flesh off portions of nearly all of them. Mr. Loker when questioned about this said he knew they had the mange, but he did n't know anything about the lice. The cows and horses that belong to him have n't been cleaned for some time, and this, together with the disease, the exposure and want of food, makes the poor animals suffer terribly.

" Mr. Drury warned Loker that if he did n't clean the animals he would prosecute him. The condition of the cows is such that one can pluck a fistful of hair from them without the cow showing by any action that she has felt it. When this hair was examined it was found thick with lice. One cow has a space on her hip a foot square entirely bare of hair. This is the worst case Mr. Drury has ever seen, and he intends to follow up others of these farmers who maltreat their cattle."

The answer was: 1. A general denial. 2. That the publication was true.

At the trial in the Superior Court, before *Sheldon,* J., the jury returned a verdict for the plaintiff, and the defendants alleged exceptions, in substance as follows.

After the reading of the pleadings and the opening of the case, the defendants requested the judge to rule that the publication was not actionable. The plaintiff contended that the question could be raised only upon demurrer. The judge refused to rule as requested by the defendants, and ruled that the article was not libellous in charging the plaintiff with furnish-

ing insufficient food, and that he would submit the case to the jury to try whether the article was fairly to be understood as charging the plaintiff with cruel treatment of his cows by unnecessarily failing to provide them with sufficient shelter or protection from the weather, and the further question whether the libel also referred to and charged cruel treatment by failing to furnish sufficient shelter during the winter preceding the date of the libel; and the defendants excepted.

Under the defendants' plea of justification they introduced evidence tending to show the condition of the barn upon the day when the article complained of was published, in that it contained large cracks in its boarding. The plaintiff, in rebuttal, offered testimony tending to show that the cracks in the boarding of the barn prior to the date of the publication complained of, from the early fall to the first day of March, were covered up with hay so that the wind and cold did not penetrate the barn. To the admission of this evidence the defendants objected. The judge overruled their objection and admitted the evidence, instructing the jury that such evidence would not be competent unless they found that the libel covered the period previous to the publication of the article; and to this ruling the defendants also excepted.

Witnesses for the defendants testified that on the date of the libel they visited the barn, and that it was cold. The plaintiff, in rebuttal, was allowed, against the objection of the defendants, to ask certain witnesses who had visited the barn and made an examination on and about the date of the publication, the following question: "State whether or not the barn was cold or warm." Each of the witnesses answered that it was warm. To the admission of these questions and the answers given thereto the defendants also excepted.

*W. S. Marshall*, for the defendants.

*W. H. Bent*, for the plaintiff.

FIELD, C. J. The court could not rule, as matter of law, that the publication complained of was not actionable. The ruling submitting to the jury the construction of the article published in the manner shown by the exceptions was sufficiently favorable to the defendants. *Twombly* v. *Monroe*, 136 Mass. 464. We are inclined to think that the court could have ruled, as matter

of law, that the publication was libellous. It seems to charge the plaintiff with unnecessarily failing to provide his cattle with proper shelter and protection from the weather, within the meaning of Pub. Sts. c. 207, § 52, and has a natural tendency to bring the plaintiff into public hatred and contempt.

The defendants in their answer alleged in justification that the publication was true. Pub. Sts. c. 167, § 80. The testimony offered by the plaintiff in rebuttal of the defendants' evidence under this allegation was properly admitted.

*Exceptions overruled.*