ALLAN D. CRAIG *vs.* ADELAIDE PROCTOR.
HELEN ·C. HARTFORD *vs.* SAME.

Middlesex.    December 3, 1917. — February 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Libel and Slander,* Words not actionable in themselves, Special damage. *Malicious Interference.   Damages,* In tort.

The words "Why wouldn't she have attractive gowns since two men are buying them for her" and "A C buys them for her as well as her husband," spoken orally concerning a married woman and A C, a married man, do not import adultery and are not actionable in themselves without the allegation and proof of special damage.

In the declaration in an action of tort for slander brought by A C for injury done him by the speaking of the words quoted above, allegations that the plaintiff, being engaged in business as a manufacturer, has had his "business relations with persons who had theretofore held him in good esteem . . . destroyed and disrupted; that his credit was damaged; that persons who had theretofore done business with him ceased to do so," because "they did not care to have business relations with a man of such depraved and vicious character," are good as averments of special damage and state a cause of action without stating the names of the persons who severed their relations with the plaintiff by reason of the speaking of the words.

In the case described above it was *said* that, if the defendant required greater certainty of averment for the purposes of defence to the action, he could file a motion for specifications and the trial judge could order the plaintiff to furnish the names of the persons referred to in his allegations of damage.

In an action of tort for slander brought by the married woman concerning whom the words quoted above were alleged to have been spoken, the declaration alleged that the defendant intended falsely and maliciously to "charge the plaintiff with being a woman of immoral character;" and it was *held* that the allegations did not impute the commission of any criminal offence and consequently did not state a cause of action without allegations of special damage.

In the same case it also was *held* that averments of loss of reputation, the alienation of friends who shunned her society, the suffering of mental anguish and of consequent physical illness were descriptive only of general and not of special damages.

Two ACTIONS OF TORT for slander in speaking of and concerning each of the two plaintiffs the words which are quoted in the opinion, the plaintiff in the first case being a married man who was engaged in business as a manufacturer of shirts, and the plaintiff

in the second case being the wife of one Ezra C. H. Hartford. Writs dated January 12, 1916.

The defendant demurred to the declaration in each of the cases, in each case assigning three causes of demurrer. The first two causes of demurrer were the same in both cases and were as follows:

"1. That the alleged slanderous words do not charge or impute to the plaintiff any crime or any other slanderous statement, which is actionable *per se.*

"2. That the alleged slanderous words are not accompanied by such statements and averments of special damage as are necessary to constitute a cause of action upon words not slanderous *per se.*"

The third cause of demurrer assigned in the first case was as follows:

"3. That the names of the persons whose society was lost, with whom his credit was damaged, and who ceased to do business with him are not set forth in said declaration."

The third cause of demurrer assigned in the second case was as follows:

"3. That the names of the persons who declined to have any association or neighborly relations with the plaintiff and whose society was lost are not set forth in said declaration."

The two demurrers were argued together before *Fox,* J., who in each case made an order sustaining the demurrer and ordering judgment for the defendant. From the judgments entered in pursuance of these orders each of the plaintiffs appealed.

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiffs.

*C. R. Darling,* for the defendant. Captain *C. W. Bond* & Yeoman *F. A. Pierce,* U. S. N. R. F., who assisted in preparing the brief, were absent on active service at the time of the argument.

BRALEY, J. The jury could have found that the words, "Why wouldn't she have attractive gowns since two men are buying them for her," and "Allan Craig buys them for her as well as her husband," were uttered and published concerning the plaintiff Hartford, a married woman living with her husband, and of the plaintiff Craig, a married man. *Hanson* v. *Globe Newspaper Co.* 159 Mass. 293, 294. If published in writing or in print, the words which tended to expose the plaintiffs to aversion and disgrace, and to disseminate an evil opinion of them in the community.

would be libellous and actionable without evidence of special damages. *Miller* v. *Butler*, 6 Cush. 71. *Twombly* v. *Munroe*, 136 Mass. 464. *Loker* v. *Campbell*, 163 Mass. 242. *Gates* v. *New York Recorder Co.* 155 N. Y. 228. But in oral defamation, unless the falsely spoken words impute such conduct as shows the commission of a criminal offence for which, if true, he may be prosecuted, or charge that he is suffering from some contagious disease which, if known, would bar him from society, or that he is an unfit person to perform the duties of the employment or office exercised or held by him for profit, or that he is wanting in integrity in discharge of the duties of his employment or office, or unless the words cause him to be prejudiced in his profession or trade, the plaintiff must allege special damages resulting from the act complained of or the declaration is demurrable     *Miller* v. *Parish*, 8 Pick. 384, 385. *Dunnell* v. *Fiske*, 11 Met. 552. *Allen* v. *Hillman*, 12 Pick. 101, 104. *Kenney* v. *McLaughlin*, 5 Gray, 3, 5. *Golderman* v. *Stearns*, 7 Gray, 181, 182. *Fitzgerald* v. *Robinson*, 112 Mass. 371. *Adams* v. *Stone*, 131 Mass. 433. *Billings* v. *Fairbanks*, 139 Mass. 66. *Morasse* v. *Brochu*, 151 Mass. 567. *Doyle* v. *Kirby*, 184 Mass. 409. *Pollard* v. *Lyon*, 91 U. S. 225. *Onslow* v. *Horne*, 2 Wm. Bl. 750; *S. C.* 3 Wils. 177.

By special damages is meant damages which are the natural but not the necessary result of the alleged wrong, and hence such damages do not follow by implication of law upon proof of the defamatory words. *Doyle* v. *Kirby*, 184 Mass. 409, 411. *Ratcliffe* v. *Evans*, [1892] 2 Q. B. 524, 528.

The words declared on cannot be enlarged in meaning by the innuendo. While inferentially imputing censurable or indiscreet conduct because of the marital *status* of the parties referred to, they are insufficient to substantiate a charge of adultery. Lecherous thoughts or desires are not crime. *Goodrich* v. *Davis*, 11 Met. 473, 481. *York* v. *Johnson*, 116 Mass. 482. *Adams* v. *Stone*, 131 Mass. 433. *Sillars* v. *Collier*, 151 Mass. 50.

Inasmuch as the words are not actionable of themselves, the nature of the alleged wrong by which the plaintiffs have suffered the loss of some material or substantial advantage enjoyed or possessed must be specifically pleaded. The action as thus defined may not be technically an action for slander, but this is of no importance. *Cook* v. *Cook*, 100 Mass. 194. *Fitzgerald* v.

*Robinson,* 112 Mass. 371, 381. *Morasse* v. *Brochu,* 151 Mass. 567, 574. *May* v. *Wood,* 172 Mass. 11, 13. The allegations in the first case, that the plaintiff being engaged in business as a manufacturer has had his "business relations with persons who had theretofore held him in good esteem . . . destroyed and disrupted; that his credit was damaged; that persons who had theretofore done business with him ceased to do so" because "they did not care to have business relations with a man of such depraved and vicious character," are amply pleaded unless the names of the persons who severed their business relations with the plaintiff should have been stated. The court in *Morasse* v. *Brochu,* 151 Mass. 567, 572, speaking through Mr. Justice Charles Allen, said: "Where there is merely an accusation of immorality, in words which might be spoken of any one, whether having any particular occupation or not, it has often been held that a charge of special damages, from loss of custom or society, must include the names of those who have cut off from the plaintiff in consequence of the imputation. This rule has not been so strictly held in cases where the accusation has been made for the express purpose of injuring the plaintiff in his trade or profession, and has had that effect; and in various cases, and for differing reasons, the rule in such cases has been relaxed, and a general averment of loss of customers has been held sufficient. *Evans* v. *Harries,* 1 H. & N. 251. *Riding* v. *Smith,* 1 Ex. D. 91. *Clarke* v. *Morgan,* 38 L. T. (N. S.) 354. *Hopwood* v. *Thorn,* 8 C. B. 293, 308, 309, *per* V. Williams, J., interloc. *Weiss* v. *Whittemore,* 28 Mich. 366. *Trenton Ins. Co.* v. *Perrine,* 3 Zabr. 402, 415. See also *Hargrave* v. *LeBreton,* 4 Burr. 2422. *Hartley* v. *Herring,* 8 T. R. 130." We are of opinion that the present case comes within the rule that the averments of loss of trade and of financial credit are sufficient under our system of procedure. The defendant, if she is apprehensive of being embarrassed in making her defence, can move for specifications, and the court can order the plaintiff to furnish names, dates and particulars. R. L. c. 173, § 68. *Nickerson* v. *Glines,* 220 Mass. 333.

But for reasons previously stated the allegations in the second case that the defendant intended falsely and maliciously to "charge the plaintiff with being a woman of immoral character" do not impute the commission of any criminal offence either at common

law or by statute. The averments therefore of loss of reputation, the alienation of friends who shunned her society, the suffering of mental anguish and of consequent physical illness are descriptive only of general and not of special damages. *Markham* v. *Russell*, 12 Allen, 573, 575. *Chesley* v. *Tompson*, 137 Mass. 136. *Finger* v. *Pollack*, 188 Mass. 208. *Garrison* v. *Sun Printing & Publishing Association*, 207 N. Y. 1. *Allsop* v. *Allsop*, 5 H. & N. 534.

The result is that in the first case the judgment is reversed and the demurrer overruled, but in the second case the judgment for the defendant is affirmed.

*So ordered.*