ELIZABETH M. MORRILL *vs.* ELIZA MARIA CRAWFORD.

Middlesex.    October 6, 1931. — February 1, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Demurrer, Appeal.    *Slander.*

Where, after hearing of a demurrer to a declaration in two counts in an action, an order was entered sustaining the demurrer to the first count, judgment for the defendant to be entered thereon, and sustaining the demurrer to the second count with leave to the plaintiff to amend within ten days, and the plaintiff, no such amendment having been made nor judgment entered on the first count, appealed from said order within ten days of its entry, the action properly was before this court under G. L. c. 231, § 96, as amended by St. 1928, c. 306, § 2: by appealing from said order without asking leave to amend the first count and without amending the second count as permitted by the order, the plaintiff elected to rely on the declaration as framed, so that the action, except for this appeal, was "ripe for final disposition by the superior court."

Questions of law, involved in an order by a judge of the Superior Court limiting the scope within which the plaintiff in an action was permitted to amend his declaration after a demurrer thereto had been sustained by the order, should be brought to this court by exception to and not by an appeal from the order.

The declaration in an action of tort by a woman for slander contained allegations that the defendant, an employee of a hospital to which the plaintiff had been admitted as a patient, stated to a certain department of the hospital that the plaintiff was "wayward" and "peculiar" and that "years ago she began wandering around at nights"; that the

defendant by such statement intended "to convey the impression and did convey the impression that the plaintiff was immoral and possessed bad moral conduct beyond the probability of reform"; that the defendant later repeated such statement, "with the result that the" plaintiff was "caused to be arrested," transported through the streets and "imprisoned in the Psychopathic Hospital" for nine days; and that thereby the plaintiff was "injured in her reputation, humiliated, subjected to divers indignities and injuries, prevented from obtaining suitable and sufficient employment and prevented from obtaining necessary and suitable medical and surgical treatments and to other and various injuries as set forth in her writ." On demurrer, it was *held,* that

(1) The words contained in the alleged statement by the defendant, taken in their natural sense, did not impute to the plaintiff the commission of any crime;

(2) Even if such words were susceptible of the meaning alleged in the declaration, which was not decided, they still did not impute to the plaintiff the commission of crime;

(3) Such words were not actionable *per se;*

(4) The allegations of the declaration did not show that the "arrest" and "imprisonment" of the plaintiff and the resulting injuries and indignities suffered by the plaintiff were caused by the defendant: the cause of such matters was left a matter of conjecture;

(5) The allegations concerning such injuries and indignities and those concerning the plaintiff's being prevented from obtaining employment and medical treatment were descriptive of general damage only;

(6) The declaration did not sufficiently allege that the defendant caused special damage to the plaintiff by the statement alleged to have been made by him;

(7) The declaration was demurrable.

TORT. Writ dated August 8, 1924.

The declaration is described in the opinion. The defendant demurred. In the Superior Court, the demurrer was heard by *Qua,* J. An order made by him and the circumstances of an appeal by the plaintiff are described in the opinion.

*F. S. Deitrick & G. L. Dillaway,* for the plaintiff, submitted a brief.

*G. E. Mears,* for the defendant.

FIELD, J. This is an action of tort for slander. The declaration was in three counts, the second of which has been waived. The defendant demurred generally to the declaration and to each count thereof. In the Superior Court an order was entered sustaining the demurrer to the

first count and ordering judgment for the defendant thereon, and sustaining the demurrer to the third count with leave to the plaintiff to amend in ten days — the "Amendment . . . not to contain any new averments as to defamatory language." The docket does not show any entry of judgment. Prior to the expiration of the ten days for amendment of the third count, and without any amendment having been made, the plaintiff appealed from the order sustaining the demurrer to the first and third counts and limiting amendment of the third count. There is no appeal from the order for judgment on the first count.

1. The case is before us rightly on the appeal from the order sustaining the demurrer. G. L. c. 231, § 96, amended by St. 1928, c. 306, § 2. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 71. By appealing from this order without, so far as appears, asking leave to amend the first count and without amending the third count, as permitted by the order, the plaintiff elected to rely on the declaration as framed, so that this case, except for this appeal, was "ripe for final disposition by the superior court." G. L. c. 231, § 96, as amended by St. 1928, c. 306, § 2. *Cheraska* v. *Ohanasian,* 259 Mass. 341, 344. No appeal lies from the order limiting amendment of the third count (*Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134, *Cunningham* v. *Lexington Trust Co.* 259 Mass. 181, 188), but questions of law, if any (see *Friedenwald Co.* v. *Warren,* 195 Mass. 432, 433; *Norton* v. *Lilley,* 214 Mass. 239), involved in this order, should have been brought to us by exception. G. L. c. 231, § 113. It may be added that the plaintiff properly makes no argument as to the propriety of the order limiting amendment and the matter is referred to only because of its bearing upon our jurisdiction and our final order.

2. The demurrer was sustained rightly as to the first count. This count, after alleging that the defendant was the head bookkeeper at a hospital to which the plaintiff was admitted as a patient, that the defendant referred the plaintiff to the social service department of said hospital, and that it is the custom and rule of that department to make a written record

of the history of the patient which is subject to inspection, as the defendant well knew, alleges "that when the plaintiff was admitted to the Social Service Dept. of said Hospital, the defendant made a statement on or about July 5th, 1922 to the Social Service Dept. in which the defendant publicly, falsely and maliciously charged the plaintiff with being a person of bad moral character by spoken words of the plaintiff, to wit: — 'patient is a wayward member of a self-respecting family[']; 'she has always been peculiar'; 'years ago she began wandering around at nights' meaning and thereby intending to convey the impression and did convey the impression that the plaintiff was immoral and possessed bad moral conduct beyond the probability of reform."

A declaration in tort for slander is demurrable as insufficient in law unless the words complained of are actionable *per se* or special damage caused by such words is alleged. See *Cook* v. *Cook*, 100 Mass. 194; *Brettun* v. *Anthony*, 103 Mass. 37; *Doyle* v. *Kirby*, 184 Mass. 409, 411; *Craig* v. *Proctor*, 229 Mass. 339, 341. See also G. L. c. 231, § 18; *Whiton* v. *Batchelder & Lincoln Corp.* 179 Mass. 169, 172; *Frisbee* v. *Prussian National Ins. Co.* 223 Mass. 159, 160. *Robinson* v. *Coulter*, 215 Mass. 566, was an action for libel and special damage was not an essential element of the case. The count under consideration does not purport to allege special damage. The plaintiff, however, contends that the words complained of are actionable *per se* because they impute to her the commission of a crime against chastity.

It is no longer essential that a declaration, to be good against a demurrer, set out the circumstances necessary to make spoken words slanderous (see Pub. Sts. c. 167, § 94, Forms; *Young* v. *Cook*, 144 Mass. 38, 42, and cases cited; *McCallum* v. *Lambie*, 145 Mass. 234, 238; compare *Ward* v. *Merriam*, 193 Mass. 135, 137–138) — though a "statement of such particulars as are necessary to make the words relied on intelligible to the court and jury in the same sense in which they were spoken may be required upon motion of the defendant" — but "it is sufficient to allege that the words . . . complained of were used in a defamatory sense,

specifying such defamatory sense." G. L. c. 231, § 147, Forms, 18, Instruction. Thus, in this case, it was necessary to allege that the spoken words imputed to the plaintiff the commission of crime unless "the words themselves, taken in their natural sense, and without a forced or strained construction, may fairly import" such a charge (*Thomas* v. *Blasdale*, 147 Mass. 438, 439; see also *Colby Haberdashers, Inc.* v. *Bradstreet Co.* 267 Mass. 166, 170), and such an allegation would not make the declaration good against demurrer if the words set out were incapable of such a defamatory meaning. See *Brettun* v. *Anthony*, 103 Mass. 37, 39; *Robinson* v. *Coulter*, 215 Mass. 566, 570. Compare Odgers, Libel and Slander (6th ed.), pages 109–110, 114–117.

The words alleged to have been spoken, taken in their natural sense, do not impute the commission of crime. Peculiarity is not criminal. Whatever idea of departure from a right course of conduct is conveyed by the word "wayward," this word in its natural sense does not convey the further idea that such departure from a right course of conduct violated the criminal law. See *Snell* v. *Snow*, 13 Met. 278, 282; *Riddell* v. *Thayer*, 127 Mass. 487, 490. Nor does the statement that the plaintiff "years ago . . . began wandering around at nights," taken alone, or with the statements charging peculiarity and waywardness (see *Lovejoy* v. *Whitcomb*, 174 Mass. 586, 587–588), in its natural sense impute to the plaintiff the commission of the criminal offence of being a common nightwalker (G. L. c. 272, § 62), or any other crime. See G. L. c. 272. Indeed the statement that the plaintiff "has always been peculiar" makes against rather than in favor of such an imputation. See *Thomas* v. *Blasdale*, 147 Mass. 438, 439.

This count of the declaration does not allege specifically that the words complained of were used in a defamatory sense or specify the defamatory sense in which they were used except as it alleges that these words "charged the plaintiff with being a person of bad moral character," and that they meant that she was "immoral and possessed bad moral conduct beyond the probability of reform." We need not consider whether the words are capable of this

meaning, for, even if they are so interpreted, they do not impute to the plaintiff the commission of crime. A charge of immoral character or conduct does not impute violation of the criminal law. *Craig* v. *Proctor*, 229 Mass. 339, 342–343. See also *Cook* v. *Cook*, 100 Mass. 194.

As the words alleged to have been spoken are not actionable *per se*, questions of publication and privilege argued need not be discussed.

3. The demurrer was sustained rightly as to the third count. This count alleges "that on or about August 17, 1922, the defendant, in making a further statement to those in charge of the social service work and those in charge of the hospital," repeated the statements set forth in the first count in substantially the same language, "with the result that the defendant [*sic*] was without any reasonable or probable cause, caused to be arrested and seized by three police officers and taken in a patrol wagon in the view of divers and sundry persons through the streets of the city of Boston and imprisoned in the Psychopathic Hospital until August 26, 1922, upon which date she was released with the result that the plaintiff because of the slanderous declaration made by the defendant had been injured in her reputation, humiliated, subjected to divers indignities and injuries prevented from obtaining suitable and sufficient employment and prevented from obtaining necessary and suitable medical and surgical treatments and to other and various injuries as set forth in her writ."

This count stands no better than the first count since the spoken words complained of are substantially the same in both counts and the additional matter in the third count does not sufficiently allege that the defendant by these spoken words caused special damage to the plaintiff.

The allegation that as a result of the defendant's statements the plaintiff without reasonable and probable cause was caused to be arrested, seized by police officers, conveyed through the streets in a patrol wagon and imprisoned in a psychopathic hospital — not the hospital in which the defendant was employed — does not connect the defendant with these events in such a way as to make her liable in

damages therefor.  See *Cook* v. *Cook*, 100 Mass. 194; *Doyle* v. *Kirby*, 184 Mass. 409, 410–411.  There is no allegation that the defendant published her statements to anybody except those in charge of the hospital or its social service work.  It is not alleged that the defendant or even the hospital authorities caused the arrest, seizure, transportation and imprisonment of the plaintiff.  So far as appears the arrest and the subsequent events may have been due to an unauthorized repetition of the defendant's words by persons over whom she had no control.  For the results of such a repetition she is not responsible.  *Hastings* v. *Stetson*, 126 Mass. 329.  The declaration leaves it wholly argumentative as to how the arrest, seizure, transportation and imprisonment of the plaintiff came about.

The allegations that the plaintiff was "injured in her reputation, humiliated, [and] subjected to divers indignities and injuries . . . and to other and various injuries as set forth in her writ" are descriptive of general, not special, damages.  *Craig* v. *Proctor*, 229 Mass. 339, 343.  So, also, is the allegation in general terms that the plaintiff was "prevented from obtaining suitable and sufficient employment," since the words complained of might have been spoken of any one, whether having any particular occupation or not, and, so far as alleged, were not spoken with the purpose of injuring the plaintiff in her trade or profession.  *Morasse* v. *Brochu*, 151 Mass. 567, 572–573.  Compare *Craig* v. *Proctor*, 229 Mass. 339, 342.  The plaintiff's being "prevented from obtaining necessary and suitable medical and surgical treatments" — so far as the allegation goes — is a phase of the general impairment of her reputation, which is within the scope of general damages.  It may be added that if the declaration is construed strictly these allegations are insufficient on another ground, that is, that these elements of damage are alleged to have resulted from the arrest, seizure, transportation and imprisonment of the plaintiff, and, as above stated, the declaration does not sufficiently set forth a causal relation between the defendant and these events.

4.  The appeal, as already indicated, presupposes that the case is ripe for final judgment in favor of the defendant if

the order sustaining the demurrer is affirmed. *Cheraska* v. *Ohanasian*, 259 Mass. 341, 344. That order is to be affirmed and judgment entered for the defendant. G. L. c. 231, § 125.

*So ordered.*