MILDRED F. KING *vs.* NORTHEASTERN PUBLISHING
COMPANY.

Suffolk. March 5, 1936. — May 25, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Libel and Slander.*

A ruling, at the trial of an action of tort for libel, that the published words as a matter of law were not libellous is proper only when they do not permit a finding of fact that they were reasonably susceptible of a defamatory meaning.

Publication in a newspaper of an article describing an unmarried woman, whose photograph was displayed, as a "red-head 'angel,'" who as a "love mate" had "supplied" the "love interlude" for a "playboy," and had sued his family "for her services in keeping" him "from the snares of sirens," warranted findings that the article as a whole charged the woman with unchastity and fornication and was a libel.

Whether, in an action of tort for libel, an article published in a newspaper constituted a libel was to be determined from consideration of the publication as a whole, and requests for rulings that particular words and phrases in the article were not libellous in themselves properly were denied.

TORT for libel. Writ in the Municipal Court of the City of Boston dated November 23, 1934.

Upon removal to the Superior Court, the action was tried before *F. T. Hammond*, J. There was a verdict for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

*F. P. Garland*, (*B. C. Perkins* with him,) for the defendant.
*A. Brayton*, for the plaintiff.

QUA, J. The defendant published on the first page of the "Daily Record" a photograph of the plaintiff, an unmarried woman, under which appeared the following: "$10,000 Suit! Mildred King, who first gained fame as the 'love mate' for George Huntington Hartford, wealthy Harvard student, yesterday filed a suit in Suffolk Court against the estate of Alfred DeVote, her former music teacher." There was also a reference to "Story on Page 3." On page 3 was another photograph of the plaintiff, bearing her name,

and in connection therewith was an article headed "PLAY-BOY'S RED-HEAD 'ANGEL' IN SUIT  Beauty Says 'Prof' Took Her Cash  Mildred King Files $10,000 Action." The body of the article began: "Mildred King, beautiful auburn-haired Southern girl, who supplied the 'love interlude' for George Huntington Hartford, Harvard student, and scion of a wealthy and socially prominent Newport family, and sued them for $100,000 for her services in keeping the ·youth from the snares of sirens, yesterday entered another legal tilt." Then follows an account of an action which the plaintiff had brought against the estate of one DeVoto, her former music teacher, to recover a sum of money which she claimed he had taken to invest for her.

The defendant excepts to the refusal of the judge to direct a verdict in its favor and to his refusal to grant requests for rulings which, in so far as they have been argued, are in substance to the effect that the publication as a whole and various specified portions of it were not libellous and did not charge the plaintiff with being "unchaste," "without virtue," or "with having committed the crime of fornication." The judge charged the jury, so far as appears without exception by either party, that the publication would not be libellous and that the plaintiff could not recover, if the jury found that "the ordinary reader, who read the article without any previous knowledge of the circumstances to which it relates" would not understand it "to be either an imputation of unchastity or the imputation of the crime of fornication."

Taking the case in the shape in which it now comes to us, the question to be decided is whether we can say that the jury, acting in accordance with their oaths, could not come to the conclusion that this publication would be reasonably understood as charging unchastity or fornication.  It is now well settled that the character of a publication as being libellous or otherwise is not to be judged by what we ourselves would understand it to mean, but that commonly the question is one of fact, and that the court can rule as matter of law that the publication is not libellous and can withdraw the case from the jury only when it is apparent "that the

publication is not reasonably capable of any defamatory meaning, and cannot reasonably be understood in any defamatory sense." *Twombly* v. *Monroe*, 136 Mass. 464, 469. *Morgan* v. *Republican Publishing Co.* 249 Mass. 388. *Riceman* v. *Union Indemnity Co.* 278 Mass. 149, 152. *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258, 261. Compare *Capital & Counties Bank, Ltd.* v. *George Henty & Sons*, 7 App. Cas. 741.

Plainly the article on the first page of the paper must be read in conjunction with the article on the third page to which it refers. Taken together, the articles could be found to contain a statement that the plaintiff as a "red-head 'angel'" in the character of a "love mate" had "supplied" the "love interlude" for a "playboy." It seems quite superfluous to discuss the dictionary definitions of the words quoted. Taking human nature as it is, we cannot doubt that a fair minded jury, acting intelligently and in accordance with conscience and reason, could come to the conclusion that the publication would be understood by readers of the paper as charging unchastity and fornication. See *Goodrich* v. *Davis*, 11 Met. 473; *Boston Bar Association* v. *Hale*, 197 Mass. 423, 438; *Thayer* v. *Worcester Post Co.* 284 Mass. 160. The case is much stronger for the plaintiff than *Snell* v. *Snow*, 13 Met. 278, *Adams* v. *Stone*, 131 Mass. 433, and *Commonwealth* v. *Szliakys*, 254 Mass. 424, cited by the defendant. There is nothing in the reference later in the article to the plaintiff having brought suit for "her services in keeping the youth from the snares of sirens" which as matter of law required a different conclusion.

The judge was not obliged to rule that particular words, phrases and clauses were not libellous by themselves when their meaning necessarily depended upon the impression created by a reading of the publication as a whole. *Riddell* v. *Thayer*, 127 Mass. 487. *Carter* v. *Andrews*, 16 Pick. 1, 7. *Lovejoy* v. *Whitcomb*, 174 Mass. 586.

It is not to be assumed that, because we have dealt with the case on the basis of the rulings on which it was submitted to the jury in the Superior Court, we intend to say that defamatory words cannot be libellous *per se* unless they

charge a crime. In actions for libel as distinguished from slander the law is settled otherwise. *Miller* v. *Butler*, 6 Cush. 71. *Dow* v. *Long*, 190 Mass. 138, 142. *Craig* v. *Proctor*, 229 Mass. 339, 340.

*Exceptions overruled.*