Robbins, J.
This is an action of tort for slander, the declaration alleging that the defendant falsely, and maliciously spoke and published of the plaintiff the words following: “You bastard. You rotten young tramp. All the neighbors know what you are ’ ’; that as a direct result and by reason of said false, scandalous and malicious statements so spoken and published she has fallen into disgrace, ridicule, contempt and infamy with several persons with whom previously she was in great esteem, whereby the plaintiff has not only lost her credit and reputation, but said statements were repeated by other persons who became aware of the defendant’s utterances and among other damages on account of the acts of the defendant as aforesaid the plaintiff became seriously ill and injured, suffered great pain and anguish both in body and mind, has been confined to her bed for a long period of time, has un *147 dergone many medical examinations and tests and has been and may hereafter be put to great expense for medical attendance and medicine.
The defendant demurred to the declaration basing her demurrer on the following two grounds:
“1. That the declaration does not state a legal cause of action substantially in accordance with the rules of law, in that the alleged slanderous words do not by their natural import or in connection with any facts or explanations stated in the declaration charge the plaintiff with a punishable offence or impute to-the plaintiff a disgraceful disease or spoken in relation to a trade or business, or occupation and are not in and of themselves actionable.
“2. That the words allegedly spoken of the plaintiff not being actionable per se, the plaintiff has not stated a cause of action in the absence of an allegation of special damage.”
The demurrer was sustained and the plaintiff claims to be aggrieved thereby.
We are of the opinion that the sustaining of the demurrer was right. While it would undoubtedly be libelous to print a statement that the plaintiff was a bastard, Merrill vs. Post Publishing Co., 197 Mass. 185, yet such words spoken orally do not per se constitute slander. They do not charge the plaintiff with a crime or state that she is suffering from a disgraceful disease or prejudice her in her business or occupation. Craig vs. Proctor, 229 Mass. 339, Lynch vs. Lyons, 303 Mass. 116, Morrill vs. Crawford, 278 Mass. 250. As there is no sufficient allegation of special damages we need not consider the effect of such an allegation.