## JANUARY TERM 1868, AT BOSTON.

### [CONTINUED FROM VOL. XCVIII.]

PRESENT:

Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,
Hon. HORACE GRAY, Jr.,     } JUSTICES.
Hon. DWIGHT FOSTER,
Hon. JOHN WELLS,

## MIDDLESEX COUNTY.

### John Walan *vs.* Edward Kerby.

Under the Gen. Sts. c. 86, § 61, a purchaser of intoxicating liquors sold in violation of law who, in settling mutual accounts with the seller, has credited him with the price thereof, may recover the amount of such credit as a balance due on the account upon which he allowed it.

If a purchaser of intoxicating liquors sold in violation of law, in settling mutual accounts with the seller, credits him with the price thereof, and, receiving from him payment of the balance found due after such an allowance, gives him a receipt in full settlement of the accounts, such payment and receipt do not have the effect of an accord and satisfaction to bar an action to recover the amount so credited.

CONTRACT on an account annexed for "money and board and other compensations received by the defendant of the plaintiff for spirituous and intoxicating liquors illegally sold by the defendant to the plaintiff;" with a count for money had and received; and a special count alleging that the defendant had received of the plaintiff the sum sued for "in payments and

VOL. III.     1

other compensations for spirituous and intoxicating liquors sold by the defendant to the plaintiff in violation of law, and which said money and other compensations were received without consideration, and against law, equity and good conscience, whereby there hath accrued to the plaintiff the right to have and recover of the defendant the said money and the value of said other compensations." Answer, accord and satisfaction.

At the trial in the superior court, before *Brigham,* J., without a jury, on appeal from a trial justice, the material facts were found as follows: On July 10, 1865, the parties accounted together. The plaintiff exhibited against the defendant a bill of $44 for board. The defendant exhibited against the plaintiff bills for rent, wood and money lent, amounting to $19; and bills for intoxicating liquors sold by him to the plaintiff in violation of law, amounting to $17.30. The balance was struck, which the defendant paid and the plaintiff accepted in settlement, both bills of intoxicating liquors being included in the reckoning and allowed by the plaintiff, who gave to the defendant the following receipt: "Hopkinton, July 10, 1865. Received of Edward Kerby in full up to date. John Walan."

On these facts the judge ruled that the plaintiff was entitled to recover; and the defendant alleged exceptions.

*H. L. Parker,* for the defendant.

*L. H. Wakefield,* for the plaintiff.

FOSTER, J. "All payments or compensations for spirituous or intoxicating liquors sold in violation of law, whether in money, labor or personal property, shall be held to have been received without consideration, and against law, equity and good conscience." Gen. Sts. *c.* 86, § 61. This explicit and stringent provision of the statute admits of no other construction than that such payments may be recovered back in an action for money had and received. The seller and buyer of intoxicating liquors sold in violation of law are not *in pari delicto,* because the latter is guilty of no offence. *Commonwealth v. Willard,* 22 Pick. 476. *Commonwealth* v. *Downing,* 4 Gray, 29. When the purchaser seeks to recover back the price he has paid, the illegality of the transaction, of which he offers evi-

dence, is wholly on the part of the defendant, and he himself is not *particeps criminis.* The manifest intent of the section above cited, according to the only construction of which it is fairly susceptible, was to confer such a right of action. From motives of public policy, the legislature has deemed it expedient, notwithstanding a degree of delinquency in both parties, to inflict criminal punishment upon the seller only, and also to allow the purchaser to recover back the price he has paid under the illegal contract.

The allowance of the illegal items by way of set-off can have no greater effect than would have been given to their actual payment in cash. In the present case, there was no adjustment of unliquidated claims or compromise of disputed demands on either side. Nothing was done except to ascertain and pay the difference between a larger and smaller account. We cannot treat this payment as an accord and satisfaction sufficient to preclude future inquiry into the illegality of a part of the items. *Donohue* v. *Woodbury,* 6 Cush. 148. *Alvord* v. *Marsh,* 12 Allen, 603. *Tuttle* v. *Tuttle,* 12 Met. 551. They were necessarily as well as actually embraced in the settlement. If a balance had been struck without them, there would have been no consideration to support even an express promise to accept the smaller sum paid in full discharge of the larger sum actually due. Such an agreement being without consideration as to the excess, notwithstanding a receipt in full, the difference could still be recovered. *Brooks* v. *White,* 2 Met. 285. *Twichell* v. *Shaw,* 10 Cush. 48.

We do not need to consider the question whether proof of the allowance of illegal items in the settlement of a mutual account would support an action for money had and received. The declaration upon an account annexed may be used whenever one or more items are claimed which would be correctly described by either of the common counts. Gen. Sts. *c.* 129, § 2, *cl.* 7. The account in this case is for board, as well as money, and the board still remains due unless it has been paid by crediting the purchases of intoxicating liquor.

*Exceptions overruled.*