## JOSEPH C. ORCUTT *vs.* CHARLES F. SYMONDS.

A buyer of intoxicating liquors sold in violation of law may maintain an action on the Gen. Sts. *c.* 86, § *61*, to recover back his payment for them, although he bought for the purpose of selling them again illegally.

A buyer of intoxicating liquors sold in violation of law, who gives his promissory notes for their price, and afterwards pays part of the notes to a bank where the seller procured a discount of them with his own indorsement, and the rest to the seller himself, may recover from the seller, in an action on the Gen. Sts. *c.* 86, § 61, the amount actually received by him upon the notes both from the bank and from the plaintiff.

CONTRACT on the Gen. Sts. *c.* 86, § 61, for money had and received to the plaintiff's use. Answer, a general denial, and that, if the plaintiff bought intoxicating liquors of the defendant and paid for them, he did so in this Commonwealth for the purpose of selling them here again in violation of law, and executed that purpose.

At the trial in the superior court, before *Pitman,* J., the plaintiff testified to the following facts : The defendant kept a tavern in Northampton, with a bar room, in which he sold intoxicating liquors. On September 23, 1870, the plaintiff bought of him, for $8000, the furniture, fixtures and stores of the tavern, with the intention of keeping it himself. Among the stores so bought were intoxicating liquors to the amount of $1560.62, for which (apart from the rest of the $8000) the plaintiff gave his four promissory notes to the defendant on that day, payable at vari-

ous times, the last in four months. The plaintiff bought the liquors with the intention of retailing them at the bar of the tavern, in the usual course of business of a bar room; this intention of the plaintiff was mutually understood by the parties at the time of the purchase; and the plaintiff took possession of them at that time, and did so sell them afterwards. The defendant procured a discount of two of the notes at a bank in Northampton; and the plaintiff paid all four notes at their maturity, those two to the bank, the other two to the defendant personally.

The defendant requested a ruling that on these facts the action could not be maintained, because of the intention and acts of the plaintiff in the transaction; but the judge ruled otherwise. The defendant also requested a ruling that the plaintiff could not recover in this form of action any amount he paid upon his promissory notes, and that the statute does not apply to cases of payment for intoxicating liquors by promissory notes. But the judge refused so to rule, and instructed the jury "that, so far as the defendant in fact received money of the plaintiff on account of illegal sales of intoxicating liquors, he is liable in this action, and if he in the first instance received notes for the price, and the amount of some of the notes was paid to the defendant personally, and others were indorsed by the defendant to the bank and discounted, and the proceeds received by the defendant, the plaintiff paying the bank at maturity, it may be considered and treated, so far as the amount actually received by the defendant, as in substance and effect a payment by the plaintiff to the defendant," and "that the measure of damages would be the amount received by the defendant upon the notes." The jury found for the plaintiff accordingly; and the defendant alleged exceptions.

*G. M. Stearns,* (*C. Delano* with him,) for the defendant. 1. The Gen. Sts. *c.* 86, § 61, do not expressly provide that money paid to the seller of intoxicating liquors by the buyer may be recovered back. The right of recovery results from the principles of common law applied to the declaration of the statute that it is received without consideration and against law, equity and good conscience. *Adams* v. *Goodnow*, 101 Mass. 81. The buyer is put in position to recover, nothing further appearing than the

ordinary facts of a purchase and payment. The statute goes no further, for otherwise the buyer could reclaim the money, even if it was a part of the contract that he should use the liquor to burn buildings or kill persons. In all cases thus far decided under this statute, " the illegality of the transaction, of which the plaintiff offers evidence, is wholly on the part of the defendant, and he himself is not *particeps criminis.*" *Walan* v. *Kerby*, 99 Mass. 1, 2. And in ordinary cases the buyer does not participate in any criminal purpose of the seller, and only buys that he may obtain the article sold. But " if the plaintiff's demand arises *ex turpi causâ*, or is founded on an illegal act, the court will not lend its aid in support of the action." *Fairbanks* v. *Blackington*, 9 Pick. 93, 96. *Worcester* v. *Eaton*, 11 Mass. 368, 378. Money lost at gaming cannot be recovered back at common law. *Babcock* v. *Thompson*, 3 Pick. 446. *Plummer* v. *Gray*, 8 Gray, 243. And money so lost, especially if lost by foul play, as in *Babcock* v. *Thompson*, would seem to be held by the winner without consideration and against law, equity and good conscience. Nor can money lent for gaming purposes be recovered. *White* v. *Buss*, 3 Cush. 448. The cases are numerous in which the law will not lend its aid to either party who seeks to enforce a claim arising out of his illegal or immoral acts or contracts. See, besides cases cited above, *Ball* v. *Gilbert*, 12 Met. 397 ; *Gregg* v. *Wyman* 4 Cush. 322; *Webster* v. *Munger*, 8 Gray, 584; *Bligh* v. *James*, 6 Allen, 570. The purpose for which the liquors were bought in the case at bar appeared precisely as the purpose for which the money was lent in *White* v. *Buss*.

2. The plaintiff's right is only to recover back the actual payment which he made for the liquors. He paid in notes and not in money ; and he should have brought his action to recover back the notes, or have defended against them. They cannot be said to represent a money payment for the liquors. If that were so, a man might deliver his notes in payment for liquors and sue to recover back the amount of them, and then defend against them under the statute. In all cases in which it has been held that the defendant could be sued for money had and received, by reason of having received a promissory note, the right of recovery

has been based upon the fact that the note was a valid note, and the defendant had received "money's worth." *Floyd* v. *Day*, 3 Mass. 403. *Hemmenway* v. *Bradford*, 14 Mass. 121. *Payson* v. *Whitcomb*, 15 Pick. 212, 216. *Fairbanks* v. *Blackington*, 9 Pick. 93. But giving a note not binding on the maker is not payment. *Perkins* v. *Cummings*, 2 Gray, 258. *Stevens* v. *Lincoln*, 7 Met. 525.

3. The plaintiff paid the notes voluntarily and gratuitously, knowing that they were void, and acquired thereby no right to recover back his money. *Preston* v. *Boston*, 12 Pick. 7. *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181. *Forbes* v. *Appleton*, 5 Cush. 115. The statute makes notes void which are given for the price of liquors sold in violation of law, but gives no right to recover back payments made upon such notes.

*I. S. Morse & W. Allen*, for the plaintiff.

AMES, J. The purchaser of intoxicating liquors sold in violation of law is not *in pari delicto* with the seller. The money paid by the purchaser to the seller is declared by the statute to be held as received without consideration and against law, equity and good conscience. Gen. Sts. *c.* 86, § 61. It remained therefore the property of the purchaser, and might be recovered back as such. *Walan* v. *Kerby*, 99 Mass. 1. *Adams* v. *Goodnow*, 101 Mass. 81.

It makes no difference that the plaintiff gave his promissory notes for the price. When he paid these notes, he paid the price of the intoxicating liquors, partly to the defendant personally, and partly on his account and in such a manner that the defendant had the benefit of the payment. It does not change the true character of the transaction, that the defendant, by discounting some of the notes at a bank, was able to anticipate their payment. When they matured and were paid, he was relieved of his contingent liability as indorser, and the payment operated to his benefit. The ruling therefore that, to the extent of the amount actually received by the defendant, such payment should be considered as "in substance and effect" a payment by the plaintiff to the defendant, was correct.

*Exceptions overruled.*