VALENTINE HOMER *vs.* MICHAEL ENGELHARDT.

Suffolk.   March 24. — May 8, 1875.   AMES & DEVENS, JJ., absent.

It is not libellous to publish of a man that, " to get rid of a just claim in court, he set up as a defence the existing prohibitory liquor law."

TORT for libel.   The declaration was as follows:   " And the plaintiff says the defendant caused to be published in a newspaper called the Boston Volksblatt, printed in the German language, published in Boston in the County of Suffolk, on September 26, 1873, a false and malicious libel concerning the plaintiff, a copy of which is hereto annexed as follows: ' Dem

deutschen Publicum zur Nachricht dass der Wirth Valentine Homer, 1863 Washington Str. um einer gerechten Forderung zu entgehen als Vertheidigung vor Gericht das bestehende Liquor-Gesetz anführte. Wir halten. es für unsere Pflicht solche Fälle zu publiziren um Bierbrauer und Liquor-Händler zu warnen. M. Engelhardt & Co.' · Which translated into the English language is as follows : ' Information to the German public. The saloon keeper, Valentine Homer, No. 1863 Washington Street, to get rid of a just claim in court, set up as a defence the existing prohibitory liquor law. We feel it our duty to make such conduct publicly known, in order to caution beer brewers and liquor dealers. M. Engelhardt & Co.' "

The defendant demurred to the declaration, assigning for cause that the declaration did not state a legal cause of action substantially in accordance with the rules contained in the Gen. Sts. c. 129, inasmuch as it contained no actionable words or other cause of action.

In the Superior Court the demurrer was sustained and judgment ordered for the defendant ; the plaintiff appealed.

*A. Russ*, for the defendant.

*J. D. Long*, (*S. B. Allen* with him,) for the plaintiff.

ENDICOTT, J. No action can be maintained in this Commonwealth for the price of liquor sold in violation of law. St. 1869, c. 415, § 63. If such action is brought, it is the right of the defendant to set up in his answer this provision of the statute. It is a perfectly legitimate and legal defence, and stands as other defences stand, which the law interposes to defeat what, under other circumstances, would be a just demand.

This publication does not charge that the plaintiff falsely or even unsuccessfully set up as a defence the existing prohibitory law. The gist of the charge is simply that he did set up such a defence. The plaintiff having the right to make this defence, it is not libellous to publish the statement that he had done so. The demurrer was rightly sustained in the court below.

*Judgment for the defendant affirmed.*