JAMES N. HUSTED & another *vs.* TERENCE O'DONNELL.

Hampshire. September 21. — 28, 1875. AMES & DEVENS, JJ., absent.

In an action to recover the price of intoxicating liquors sold by the plaintiff to the defendant in 1871, the defendant filed an answer setting up that the sale was illegal, and also filed a declaration in set-off to recover back money paid for intoxicating liquors. The defendant was a witness for himself, and the plaintiff's counsel, in his argument to the jury, contended that while the defendant was authorized by law to recover back money paid by him for intoxicating liquors, it was only a legal right, and, in the opinion of the counsel, was an immoral act of such a nature that a man who would resort to such a suit would steal and lie and do any other act to obtain property if he could do it and avoid punishment. The presiding judge instructed the jury as follows: "The statute exists in its present form, and any citizen of Massachusetts has a right to avail himself of it; and it is not to be said that he is a liar or a thief because he does. In the matter of argument great latitude is allowed. I do not intend to criticise the argument, but I do intend to say that the defendant has a right to set up this claim, and it is not proper to be taken as evidence of immoral character in other respects." *Held,* that the plaintiff had no ground of exception.

CONTRACT on an account annexed to recover the price of intoxicating liquors sold by the plaintiffs to the defendant, at different times in 1871. The defendant filed an answer alleging that the sales were in violation of law, and also a declaration in

set-off to recover back the sum of $215, paid by the defendant to the plaintiff for intoxicating liquors.

At the trial in the Superior Court, before *Rockwell,* J., it was in controversy whether the sales were made in this Commonwealth or in New York. The defendant was a witness in his own behalf, and testified to certain facts tending to show that the plaintiffs knew that the sales were made in violation of the laws of this Commonwealth.

The plaintiffs' counsel, in his argument to the jury when considering the weight the jury ought to give to the defendant's evidence, contended that while the law gave the defendant the legal right to sue and recover back the money paid by him for intoxicating liquor sold to him and by him in violation of the laws of this state, it was only a legal right, and, in the opinion of counsel, it was an immoral act of such a nature that a man who would resort to such a suit would steal and lie and do any other act to obtain property if he could do it and avoid punishment, and that therefore the evidence of the defendant was not entitled to weight.

The judge, at the request of the defendant's counsel, instructed the jury as follows : " The statute exists in its present form, and any citizen of Massachusetts has a right to avail himself of it ; and it is not to be said that he is a liar or a thief because he does. In the matter of argument to the jury great latitude is allowed. I do not intend to criticise the argument, but I do intend to say with reference to this request, that this defendant has a right to set up this claim, and it is not proper to be taken as evidence of immoral character in other respects."

The jury returned a verdict for the defendant, and assessed damages under the declaration in set-off ; and the plaintiffs alleged exceptions.

*D. W. Bond,* for the plaintiffs. The court erred in instructing the jury that any citizen had a right to avail himself of the statute, allowing a recovery back for money paid by him for intoxi-cating liquor sold to him in violation of law, " and it is not to be said that he is a liar or a thief because he does." The court substantially told the jury that the counsel for the plaintiff had said that he was a liar and a thief. He had not said so, but had said that, in his opinion, the act of setting up this claim was an act of

such a nature that a person who would resort to such a suit would steal and lie, and do any other act to obtain property if he could do it and avoid punishment. One is a declaration that such a person is none too good to lie and steal for certain purposes and under certain conditions, while the other is declaring that he has lied and stolen.

2 The court erred in instructing the jury that the "defendant has a right to set up this claim, and it is not proper to be taken as evidence of immoral character in other respects." This was substantially instructing the jury that when the law allowed a defendant to set up a certain defence, the fact of the exercise of such privilege cannot be considered by the jury as affecting the weight of his evidence. While the law allows a certain defence or the exercise of a privilege, it does not thereby say the defence or claim is a moral one. The law allows a party to do what must be considered an immoral act under the circumstances. A son, who has the title and the legal right to the possession of the home of his parents, can eject them from the premises, but he could not justify his act by the plea that he only did what the law allowed. "Any man may procure to himself, in his dealings with other men, some advantages to which he has no moral right, and yet succeed perfectly in establishing his legal right to them." 2 Parsons on Con. (6th ed.) 768. The law allows the statute of limitations as a defence, but Hoffman in his Legal Studies, (2d ed.) 754, advises attorneys not to plead it. Rule XII.: "I will never plead the statute of limitations, when based on the mere efflux of time; for if my client is conscious he owes the debt, and has no other defence than the legal bar, he shall never make me a partner in his knavery." The man who pays for liquors sold to him in violation of law, and sold again by him in violation of law, and then claims the right to recover back the money so paid, has a claim founded in law, but no person ever set up such a claim without feeling himself degraded by the act. The fact that a man had so disgraced himself as to be able to set up such a claim must tend to discredit his word before a jury. The jury had the right to consider to what extent it impaired the credit which they would otherwise have given him. The law allows the fact that a witness has been convicted for crime to be put in evidence affecting the weight of his evidence. Any fact tending to dis-

credit a witness may be considered by the jury. *Commonwealth* v. *Barry*, 9 Allen, 276.

*C. Delano*, for the defendant. The comments of the plaintiffs' counsel, charging the defendant with the grossest immorality, including theft, perjury and every denomination of the *crimen falsi*, were warranted by nothing in the nature of the defendant's claim in set-off, and the strictures of the judge were just and proper. *Commonwealth* v. *Barry*, 9 Allen, 276. *Commonwealth* v. *Foran*, 110 Mass. 179. *Harrington* v. *Harrington*, 107 Mass. 329. *Morrissey* v. *Ingham*, 111 Mass. 63.

GRAY, C. J. The Legislature has declared that all payments for intoxicating liquors sold in violation of law shall be held to have been received without consideration and against law, equity and good conscience; and it is by virtue of this statute, that money so paid remains the property of· the purchaser and may be recovered back by him from the seller. St. 1869, *c.* 415, § 63. *Walan* v. *Kerby*, 99 Mass. 1. *Adams* v. *Goodnow*, 101 Mass. 81. The fact that a party is asserting this. right, though it may doubtless be taken into consideration by the jury, together with all the circumstances of the particular case, in determining what weight they will give to his testimony, cannot of itself be legally deemed to impair his reputation as a citizen or his credit as a witness. *Homer* v. *Engelhardt*, 117 Mass. 539. The instructions to the jury, fairly construed, and applied to the argument which had been made by counsel upon this point, did but affirm this proposition. The majority of the court is therefore of opinion that the entry must be                *Exceptions overruled.*