## FRANK B. DOW *vs.* DENNIS A. LONG.

Middlesex. November 14, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Libel and Slander.* *Words,* "Robbing the taxpayers."

A publication in a newspaper charging the chairman of the board of police of a city with being the head of the "police rum combine," with furthering by unfair means and perhaps by bribery and for improper purposes the election of a certain candidate for superintendent of streets described as corrupt and the advocate of "all sorts of schemes to rob the taxpayers," may be found to be libellous, and the fact that the publication related to the superintendent of streets as a candidate for public office is no defence to an action by the chairman of the board of police who was not such a candidate.

A publication in a newspaper stating that the chairman of the board of police of a city is furthering the election of a certain candidate for superintendent of streets, that he "could not select in the entire city a person who is better adapted for the purpose. of robbing the taxpayers," and that from the plaintiff's "standpoint he will make an ideal superintendent of streets," as set forth in the declaration in an action for libel brought by the chairman of the board of police, was held on demurrer to be libellous.

TORT for alleged libel in the publication of three different articles which appeared on May 29, 1904, in the same edition of the Lowell Sunday Telegram, a newspaper owned and published by the defendant. Writ dated June 1, 1904.

The first count contained among its allegations those which are referred to and described in the second and third paragraphs of the opinion and there are held to have been set out merely by way of inducement, including the publication headed "Send Crowley to City Farm," which is printed below as contained in the third count, and concluded by setting forth the following publication as libellous: "'It is understood that the Brewery placed $5,000 in the hands of the "boss" (meaning in the hands of the plaintiff) to be distributed judiciously for the election of "Smooth Bob."' (Meaning to be distributed by the plaintiff among members of the board of aldermen and common council of said Lowell to thereby secure votes for said Robert E. Crowley for the office of superintendent of streets, and that the plaintiff had committed the crime of bribery by giving money to one or more of the members of said board of aldermen to secure

the election of said Robert E. Crowley by said board as aforesaid.) "

The publication alleged in the second count was as follows:

" ' Frank B. Dow, (meaning the plaintiff) could not select in the entire city a person who is better adapted for the purpose of robbing the taxpayers than " Bob" Crowley. (Meaning said Robert E. Crowley.) From Dow's standpoint (meaning the plaintiff's standpoint) he will make an ideal superintendent of streets.' (Meaning that the plaintiff had used his influence to secure the election of a man who would rob the taxpayers as superintendent of streets, and that the plaintiff is a man lacking in integrity and honesty.) "

The publication alleged in the third count began with the heading: " Send Crowley to City Farm," and contained, with other matter, the following:

" If the concurrence of the common council in the election of Robert E. Crowley as superintendent of streets can be bullied or bought by the police-rum combine, it will be accomplished. Chairman Dow of the board of police is sending for democratic members of the common council and telling them they must vote for Crowley " ; . . .

" Every time a scheme has been put forward to tap the city treasury Crowley has been at city hall working members of the city council for its passage — smooth-paving schemes, bridge schemes, bath-house schemes, land schemes, hospital schemes, all sorts of schemes to rob the taxpayers have had Crowley as their advocate. Armed with the power which goes with the office of superintendent of streets his ability to raid the treasury would be correspondingly increased and he would be a greater menace than ever to the public purse. If Crowley must be provided for at the public expense, it would be cheaper to send him to the city farm at once.

" The election of Crowley, as pointed out by the Telegram months ago, means the placing of additional power in the hands of the police-rum combine, at the head of which stands Frank B. Dow."

The defendant demurred to the declaration and set forth as causes of demurrer:

" First: For that there is not set forth in said declaration or

in either count thereof that which is by its natural import libellous or that furnishes legal ground for an action for libel or is actionable on any ground.

"Second: For that the matter set out with the accompanying averments and innuendoes in either count thereof is not libellous as to the plaintiff nor does it appear that the matter set out relates to the plaintiff.

"Third: For that in Counts 1 and 3 of said declaration the alleged libellous matter that appears in the copies annexed thereto does not relate to the plaintiff."

The Superior Court sustained the demurrer, and gave judgment for the defendant. The plaintiff appealed.

*N. D. Pratt*, for the plaintiff.

*J. J. Pickman*, for the defendant.

SHELDON, J. The defendant argues that the first count of the plaintiff's declaration fails to state any cause of action because the alleged defamatory matter is not libellous, and because it is not averred that the alleged libels were published "concerning the plaintiff."

The first count is somewhat inartificially drawn; but in our opinion it sufficiently appears that the first articles averred therein to have been published are set out merely by way of inducement, and that the libel relied upon is contained in the short article appearing at the end of this count. With reference to the last cause of demurrer relied upon, the declaration expressly avers that this alleged libel is published "of and concerning the plaintiff" and his conduct in his office; and this is a sufficient averment that the publication was made of and concerning the plaintiff. *Young* v. *Cook*, 144 Mass. 38. *Hurley* v. *Fall River Daily Herald Publishing Co.* 138 Mass. 334. *Chenery* v. *Goodrich*, 98 Mass. 224. "When the words are alleged to be spoken of the plaintiff, no innuendoes are necessary to apply them." Devens, J. in *Young* v. *Cook, ubi supra.*

A more important question is whether the alleged publication is libellous when taken in connection with the previous averments of this count. These averments are in substance that the plaintiff was a member and chairman of the board of police of the city of Lowell; that one Robert E. Crowley was a candidate for the office of superintendent of streets of said city; that such

superintendent was chosen by the concurrent vote of the board of aldermen and the common council; that said Crowley had been elected to said office on the part of the board of aldermen, and the question of his election was pending in the common council; that the defendant then published the article stated in the count and headed: "Send Crowley to City Farm," and the shorter articles which immediately follow it. The count then avers that the defendant published the alleged libel "of and concerning the plaintiff, and of and concerning his aforesaid office, and of and concerning his conduct in his said office, for the purpose of procuring his removal from said office, and with reference to the candidacy and election of said Robert E. Crowley to said office of superintendent of streets as aforesaid, and with reference to the articles aforesaid." The defendant does not argue that this alleged libel, construed in connection with the other publications averred, would not tend to subject the plaintiff to public ridicule and contempt and to injure seriously his reputation both as an individual and in his official capacity; and, unless the averments of the declaration show a sufficient occasion and justification for what the defendant is alleged to have done, this is enough to constitute a cause of action. *Lovejoy* v. *Whitcomb,* 174 Mass. 586. *Haynes* v. *Clinton Printing Co.* 169 Mass. 512. *Call* v. *Hayes,* 169 Mass. 586. *Twombly* v. *Monroe,* 136 Mass. 464. The defendant does not dispute this general principle, but rests his defence upon the ground that the declaration shows that the election of a superintendent of streets was pending in the city council of Lowell; that Robert E. Crowley was a candidate for this office; that the alleged libels were statements made in his newspaper with reference to that election, the fitness of Crowley for the office, and the action of the plaintiff in seeking to bring about Crowley's election; and he contends that the matters discussed by him were of public interest and general concern in Lowell, and so were protected and cannot be made the ground of action. And it is true that comments fairly made with reference to the action and attitude concerning public matters of a person seeking or holding public office are not to be treated as libellous. *Smith* v. *Higgins,* 16 Gray, 251. *Bodwell* v. *Osgood,* 3 Pick. 379. *Wason* v. *Walter,* L. R. 4 Q. B. 73, 93, 94. And doubtless a more difficult question would be raised if this action

had been brought by Crowley for the statements made concerning him in these alleged publications, although it is to be observed that even in such a case, as is pointed out by Holmes, J. in *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238, 242, it is criticism and not statement that is protected, and if one takes upon himself to allege facts otherwise libellous, "he will not be privileged if those facts are not true." See the cases there cited, pp. 243, 244. But this action is not brought by Crowley. The declaration charges that the defendant, after statements which import that Crowley was utterly unfit for the office which he sought, that he had endeavored to further every scheme which had been put forward "to tap the city treasury," and that the plaintiff sought Crowley's election to increase his ability "to raid the treasury" and to put "additional power in the hands of the police-rum combine," at the head of which stood the plaintiff, and after making what a jury might find were charges that this "combine" and the plaintiff were seeking to procure Crowley's election by unfair means and perhaps by bribery, directly states that $5,000 had been placed in the hands of the plaintiff "to be distributed judiciously for the election" of Crowley. It seems manifest to us that, whatever might be the findings of a jury, it cannot be said as matter of law that this count does not set forth a cause of action.

The second count may be considered more briefly; for the decision upon it involves only the general principles already stated. It is doubtless manifest that the words "robbing the taxpayers" do not necessarily import a charge of felony. *Carter* v. *Andrews*, 16 Pick. 1. The words are to be construed as they would be naturally and ordinarily interpreted by the general reader. *Goodrich* v. *Davis*, 11 Met. 473, 481. The innuendo cannot extend the sense of the words beyond the natural import. *Goodrich* v. *Davis*, *ubi supra*. *McCallum* v. *Lambie*, 145 Mass. 234. *Brettun* v. *Anthony*, 103 Mass. 37. But this action is for libel, not slander, and it is immaterial whether or not participation in any criminal conduct is charged. *Atwill* v. *Mackintosh*, 120 Mass. 177. We think that the jury well might find that the defendant charged the plaintiff with being such a man that from his standpoint one who would unlawfully and improperly spend the public money was his ideal superintendent of streets, and that the plain-

tiff supported Crowley because he was such a man; and we cannot say that this is not an actionable libel. *Haynes* v. *Clinton Printing Co.* 169 Mass. 512. *Bishop* v. *Journal Newspaper Co.* 168 Mass. 327. *Twombly* v. *Monroe,* 136 Mass. 464.

For the reasons already stated the demurrer must also be overruled as to the third count.

Accordingly the judgment of the Superior Court must be reversed and the demurrer overruled.

*So ordered.*