HARRY F. PECK *vs.* WAKEFIELD ITEM COMPANY.

Middlesex.    January 7, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Libel.    Pleading, Civil,* Demurrer.    *Practice, Civil,* Appeal.

An appeal from an order of the Superior Court sustaining a demurrer to the declaration in an action at law properly brings to this court the question of the propriety of such an order.

Where, in the declaration in an action of tort for a libel alleged to have been published in a newspaper published by the defendant, the plaintiff did not allege that the words complained of were used in a defamatory sense, specifying such defamatory sense, nor set out facts which showed that in consequence of the circumstances attending their publication the words were intended to convey or would or could be understood to convey a derogatory meaning not on their face, the primary question for determination upon demurrer to the declaration was whether the words themselves, taken in their natural sense and without a forced or strained construction, were defamatory.

Statements, in the alleged libellous articles set out in the declaration above described, that the plaintiff had been a candidate for numerous offices and that he had initiated, or attempted to initiate, many legal proceedings, with specific references to some of them, without more, were not in ordinary circumstances libellous.

A description, included in the alleged libellous articles set out in the declaration above described, of legal proceedings alleged to have been begun, or attempted, by the plaintiff, including extracts from a declaration in one of them charging that he suffered in reputation, mind and body and financially from an alleged libel, and statements that one case would be vigorously contested and that others were disposed of adversely to him, though couched in language colloquial rather than technical and perhaps inelegant could not be regarded as defamatory in the absence of allegations specifying any defamatory sense in which they were used.

The established principle of the law of libel, that reports of matters pending in court which have not been made the subject of judicial action are not privileged, does not render actionable published statements, not in their nature defamatory, in regard to such legal proceedings.

A statement in a newspaper, colloquially expressed, that the plaintiff, though the sole heir at law of his sister, took nothing under her will, and that the sister had died suddenly, where there was no implication that the plaintiff was responsible for the sudden death of his sister, was not libellous.

A count in the declaration above described set out as a libellous article published by the defendant a description which included the following: "To obtain an undivided half interest in her mother's estate, . . . [the plaintiff's sister] entered a complaint in the superior court . . . alleging that her brother . . . [the plaintiff] induced her mother by fraudulent statements to convey her property to him. This case dragged along until, recently, . . . [the plaintiff's] petition, asking the removal of the administrator . . . was thrown out of court by . . . [a certain judge of probate], who declared the time of the court and the substance of the estate were being wasted. Litigation was still in progress and there was a hearing [the then] last Monday." *Held,* that such a statement in its natural sense was, at least, reasonably capable of a defamatory meaning and could not be ruled, on demurrer, to be harmless, such words charging fraud by the plaintiff and not as a matter of law being saved from such a meaning by their generality or context.

The particularity required in the statement of a case in equity for fraud is not essential to render actionable a libel charging fraud.

It was not material that such published charge against the plaintiff was not made directly but rather by way of repeating an allegation purporting to have been made in a "complaint" entered in court.

Neither the defence of truth nor that of privilege on the ground of fair comment is available to the defendant on demurrer to a declaration in an action of tort against the publisher of a newspaper for an alleged libel.

TORT for libel. Writ dated July 18, 1929.

The defendant demurred to the declaration and to each count thereof. The demurrer was heard in the Superior Court by *Broadhurst,* J., and was sustained as to all counts. The plaintiff appealed.

The case was submitted on briefs.

*A. L. Stinson,* for the plaintiff.

*T. Eaton,* for the defendant.

FIELD, J. This is an action of tort for libel. The declaration is in five counts. The defendant demurred generally to the declaration and each count thereof and also to the declaration on the specific grounds that the matters relied on by the plaintiff are not libellous and "constitute nothing more than reasonable comment in respect of a candidate for public office in the town of Wakefield and report of matters of local interest," by the defendant as publisher of a newspaper. An order was entered sustaining the demurrer as to all counts and the plaintiff appealed therefrom without, so far as appears, having asked leave to amend his declaration.

The case is before us properly on the appeal from the order sustaining the demurrer.  G. L. (Ter. Ed.) c. 231, § 96. *Cheraska* v. *Ohanasian*, 259 Mass. 341, 344–345.  *Morrill* v. *Crawford*, 278 Mass. 250, 252.

Each count of the declaration alleges that the plaintiff was a citizen of the town of Wakefield, and that there was published in the Wakefield Daily Item, a newspaper owned by the defendant, "a false and malicious libel," a copy of which is annexed thereto.

The counts do not "allege that the words . . . complained of were used in a defamatory sense, specifying such defamatory sense" (G. L. [Ter. Ed.] c. 231, § 147, Forms, 18, Instruction), nor set out facts "which show that in consequence of the circumstances attending their publication the words were intended to convey or would or could be understood to convey a derogatory meaning not on their face." *Colby Haberdashers, Inc.* v. *Bradstreet Co.* 267 Mass. 166, 170.  The primary question for determination, therefore, is whether "the words themselves, taken in their natural sense, and without a forced or strained construction" are defamatory.  *Thomas* v. *Blasdale*, 147 Mass. 438, 439.  See *Twombly* v. *Monroe*, 136 Mass. 464, 468; *Boynton* v. *Shaw Stocking Co.* 146 Mass. 219, 221; *Robinson* v. *Coulter*, 215 Mass. 566, 570; *Morrill* v. *Crawford*, 278 Mass. 250, 254.

Embodied in various articles alleged to have been published in the defendant's newspaper are statements, sometimes contained in more than one article and appearing in various forms, that the plaintiff was a candidate for seven offices at the last town election; that in recent years he has been a plaintiff in many legal proceedings; that since his mother's death his sister, Mrs. Wyman, "had been involved in much litigation over the estate as the result of legal actions" brought by the plaintiff; that his petition to have the administrator of that estate removed was denied; that the plaintiff's sister died suddenly; that the plaintiff was her only heir at law and was entirely "cut off" by her will; that he protested the allowance of the will, sought to have jury issues framed on the question of this allowance and appealed from the appointment of

a special administrator of his sister's estate; that it was "stated at the courthouse" that the allowance of her will would be "bitterly contested"; that the plaintiff brought an action for libel against the defendant for $20,000 damages for statements — not set out in the present declaration — concerning his campaign for town offices, and that "Another attempt" by the plaintiff "to institute additional criminal libel proceedings" against the members of the staff of the defendant's newspaper for publishing the story that his sister had died suddenly and "cut him off in her will," was "turned down" by the assistant district attorney who told the plaintiff "there was nothing criminally libellous in the publications and advised . . . [him] that the county would have nothing to do with it." An article dealing specially with the plaintiff's previous civil action for libel contained portions of the declaration therein, including allegations that "by reason of the publication of said libel . . . [the plaintiff] was greatly injured in his character and reputation in the community and was discredited in his good name among his fellow citizens and in his candidacy for office that he suffered public humiliation and disgrace and that he suffered such mental anguish as a result of said publication that he was made ill and was obliged to expend and did expend large sums of money for medicine and medical attendance and was for a long time unable to follow his accustomed occupation, all to his damage."

These matters taken in their natural sense are not defamatory. They do not, in themselves, expose the plaintiff to public hatred, ridicule or contempt, or tend to hurt his standing with a considerable and respectable class in the community. See *Twombly* v. *Monroe*, 136 Mass. 464, 468; *Merrill* v. *Post Publishing Co.* 197 Mass. 185, 190, 191; *Craig* v. *Proctor*, 229 Mass. 339, 340–341; *Peck* v. *Tribune Co.* 214 U. S. 185. Statements that the plaintiff has been a candidate for numerous offices and that he has initiated, or attempted to initiate, many legal proceedings, with specific references to some of them, without more, are not in ordinary circumstances libellous. These things he

had a legal right to do, and properly might do.    See *Homer* v. *Engelhardt*, 117 Mass. 539, 540.   The description of the legal proceedings alleged to have been begun, or attempted, by the plaintiff, including the extracts from a declaration in one of them charging that he suffered in reputation, mind and body, and financially from an alleged libel, and the statements that one case would be vigorously contested and that others were disposed of adversely to him, though couched in language colloquial rather than technical, and perhaps inelegant (see *Hanna* v. *Singer*, 97 Maine, 128), cannot be regarded as defamatory in the absence, as here, of allegations specifying any defamatory sense in which they were used.    See G. L. (Ter. Ed.) c. 231, § 147, Forms, 18, Instruction; *McCallum* v. *Lambie*, 145 Mass. 234, 238. See also *Cox* v. *Cooper*, 9 L. T. Rep. 329.    There is no fair implication that the proceedings instituted by the plaintiff were not proper for judicial consideration or that the matter of the criminal libel was not proper for submission to the district attorney.   The established principle that reports of matters pending in court which have not been made the subject of judicial action are not privileged (see *Lundin* v. *Post Publishing Co.* 217 Mass. 213; *Thompson* v. *Globe Newspaper Co.* 279 Mass. 176, 187), does not render actionable published statements, not in their nature defamatory, in regard to legal proceedings.   Nor is the statement, colloquially expressed, that the plaintiff, though the sole heir at law of his sister, took nothing under her will, libellous.   And there is no implication in any of the articles that the plaintiff was responsible for the sudden death of his sister.

A copy of the alleged libel annexed to the second count of the declaration contains among others the following statement: "To obtain an undivided half interest in her mother's estate, Mrs. Wyman entered a complaint in the superior court in 1925, alleging that her brother, Harry, induced her mother by fraudulent statements to convey her property to him.   This case dragged along until, recently, Harry F. Peck's petition, asking the removal of the administrator (Joseph G. Wright) was thrown out of court by Judge

Leggat, who declared the time of the court and the substance of the estate was being wasted.   Litigation was still in progress and there was a hearing last Monday."

Such a statement in regard to the contents of a "complaint" entered in the Superior Court, in its natural sense, is, at least, reasonably capable of a defamatory meaning and cannot be ruled on demurrer to be harmless.   See *Twombly* v. *Monroe*, 136 Mass. 464, 468;   *Loker* v. *Campbell*, 163 Mass. 242;   *Fay* v. *Harrington*, 176 Mass. 270, 273.   Clearly the words referred to the present plaintiff.   They charged fraud by him, and are not, as matter of law, saved from such a meaning by their generality or context.   The particularity required in the statement of a case in equity for fraud (see *Nye* v. *Storer*, 168 Mass. 53, 55), is not essential to a libel charging fraud.   See *Gay* v. *Homer*, 13 Pick. 535, 537, 543; *Hurley* v. *Fall River Daily Herald Publishing Co.* 138 Mass. 334;   *Haynes* v. *Clinton Printing Co.* 169 Mass. 512, 513; *Kimball* v. *Post Publishing Co.* 199 Mass. 248.   It is not material that the charge against the plaintiff was not made directly but rather by way of repeating an allegation purporting to have been made in a "complaint" entered in court.   See *Cowley* v. *Pulsifer*, 137 Mass. 392;   *Lundin* v. *Post Publishing Co.* 217 Mass. 213.   It does not appear on the face of the declaration that the charge of fraud was privileged on the ground that the "complaint" had been the subject of judicial action (see *Haynes* v. *Clinton Printing Co.* 169 Mass. 512, 515;   *Dow* v. *Long*, 190 Mass. 138, 141), for even if the statement that "Litigation was still in progress and there was a hearing last Monday" is construed as stating that action had been taken by the court, this statement is not an allegation of fact by the plaintiff, but, on the contrary, is a part of the alleged libel.   Nothing in the declaration precludes a contention by the plaintiff that no "complaint" was ever entered in court.   Nor does the declaration show on its face that the reference to the plaintiff's fraudulent conduct constituted fair comment on a matter of public interest.   It is not even alleged that he was a candidate for public office at the time of the publication of the alleged libel. See *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238, 242;

*Dow* v. *Long,* 190 Mass. 138, 141; *Commonwealth* v. *Pratt,* 208 Mass. 553, 559. Neither the defence of truth nor that of privilege on the ground of fair comment is available to the defendant on demurrer. *Robinson* v. *Coulter,* 215 Mass. 566, 571. We need not consider whether other language in the article referred to in the second count of the declaration could be found to be defamatory.

It follows that the second count of the declaration states a cause of action, but that the other counts do not. Consequently the demurrer must be sustained as to the first, third, fourth and fifth counts, but overruled as to the second count.

*So ordered.*