**WRIGHT v. R. K. O. RADIO PICTURES,**
Inc. (two cases).

**BURDETTE v. SAME.**
Civil Actions Nos. 1415–1417.

District Court, D. Massachusetts.
June 16, 1944.

James Seligman, of Fall River, Mass., and Hubert C. Thompson, of Boston, Mass., for plaintiffs.

Edward F. McClennen and Jacob J. Kaplan (of Nutter, McClennen & Fish) and Arthur E. Whittemore (of the same firm), all of Boston, Mass., for defendant.

SWEENEY, District Judge.

These are three actions of libel growing out of the publication by the defendant, who is a distributor of motion pictures, of the picture "Primrose Path." The declarations also include a count based upon the invasion of the plaintiffs' rights of privacy.

*Findings of Fact.*

The only publications of which the plaintiffs complain occurred in the Commonwealth of Massachusetts. No publication

of the picture "Primrose Path" was made in Fall River which is the home of the plaintiffs. A showing, however, was made in the city of New Bedford which is but a short distance from Fall River.

■ Considering first the case of the plaintiff, Joel Wright, I find and rule that his action must be dismissed. Under the doctrine of Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487, we must decide this case on the law of Massachusetts which requires as an element of a prima facie case of libel that the defendant publish the libel of, and concerning, plaintiff. See Hanson v. Globe Newspaper Company, 159 Mass. 293, 34 N. E. 462, 20 L.R.A. 856. Nowhere in the motion picture complained of is there any character who might remotely resemble the plaintiff, Joel Wright. Even though other members of his family were libelled that would give this plaintiff no cause of action. See Hughes v. New England Newspaper Publishing Company, 312 Mass. 178, 43 N. E.2d 657. His action must therefore be dismissed.

■ In the other two actions the plaintiffs point to the characters "Mamie Adams" and "Ellie Mae Adams", respectively, as representing their lives and from this representation they urge that the libel and invasion of privacy occur. Plainly the characters depicted in the motion picture were such that if they could be identified as representing these plaintiffs then the right to recover would exist as the picture would tend to discredit the plaintiffs in the view of a considerable and respectable class in the community. See Ingalls v. Hastings & Sons Publishing Co., 304 Mass. 31, 33, 22 N.E.2d 657.

■ The real question in this case is whether or not a considerable and respectable class in the communities where the defendant's picture was shown would identify the characters as these two plaintiffs. I think that the plaintiffs have failed to prove this by a preponderance of the evidence.

■ The source of the plot and characters used in the picture "Primrose Path" was the stage play "Primrose Path" which, in turn, was based upon the book "February Hill." This book was written by Victoria Lincoln who grew up as the playmate of Vera Burdette, née Wright, the daughter of the plaintiff Minna Wright and the sister

of the plaintiff Joel Wright. Victoria Lincoln knew the Wright family and the plaintiffs allege that the book was written about the Wright family or, at least, that a considerable and respectable class in the community would believe that it was written about the Wright family. The motion picture is, they allege, therefore libellous inasmuch as characters of the book may be identified with characters in the motion picture. I think it unnecessary to decide the question as to whether the book is libellous of the Wright family because the question is not whether the book was libellous but whether the motion picture was libellous. These plaintiffs must stand or fall on the question of whether the picture itself libels them and in view of all relevant circumstances tends to discredit the plaintiffs in the minds of any considerable and respectable class in the community. See Peck v. Wakefield Item Company, 280 Mass. 451, 183 N.E. 70.

The motion picture omitted or changed a lot of details which might have served to tie up their characters with the characters in the book. The picture did not use the same first names as those of these plaintiffs although the book did. The picture locale was laid in California while the locale of the book was laid in Fall River where these plaintiffs live. The picture changed the name of the hill on which the characters lived so that there could be no possible identification with the hill on which these plaintiffs lived. In the picture the cause of the father's death was entirely different from that portrayed in the book.

■ The book and play were used as mere sources of incident, plot, and characterization, but in such a way that the characters would not be identified with the Wright family. Those factors which may identify the characters in the book with the Wright family are omitted, with one exception. The personality of the father of the Wright family is retained. This is the probable cause of the great emotional distress of the plaintiffs upon seeing the picture. There is, however, no action in this state for the libel of a dead man or the hurt feelings of his family. See Hughes v. New England Newspaper Publishing Company, 312 Mass. 178, 43 N.E.2d 657.

■ The bill of complaint includes a count for a breach of the right of privacy, and both parties cite Themo v. New Eng-

land Newspaper Publishing Company, 306 Mass. 54, 27 N.E.2d 753. That opinion says very clearly that there is no recognized right of privacy in Massachusetts except what is actionable under the broad definition of libel in the Ingalls case, supra. Since the plaintiffs have not brought themselves within this definition they have no action.

The plaintiffs argue that they can recover because the motion picture suggests the book and encourages the publication of it and that the book being libellous the defendant is liable for the distribution of the motion picture. There is no action in this state for the encouragement of a libel by an act not in itself libellous. The defendant did not by its agents encourage the sale of the book. The book was used as a source by the producers, but the defendant did not acknowledge the source, probably in an effort to prevent the further publicity of the book. Although the defendant may have indirectly encouraged the sale of the book it was not a proximate cause of a sale.

There was no evidence offered that anyone in either of the communities of New Bedford or Fall River thought that the characters in this motion picture portrayed or identified these plaintiffs. I can readily understand that the plaintiffs, with knowledge of the book written by Miss Lincoln, would believe that they themselves were portrayed on the screen but libel does not occur until there has been a publication to the community which identified the person libeled. In the absence of evidence that anyone in the Commonwealth of Massachusetts other than these plaintiffs considered that the story presented in the motion picture was about these plaintiffs and was so understood generally by a considerable and respectable class in the community I must find for the defendant.

### Conclusion of Law.

From the foregoing I find and rule that the plaintiffs have not sustained the burden of proving that the characters in the motion picture "Primrose Path" were identified in the minds of a considerable and respectable class in the community with these plaintiffs. The actions are therefore dismissed.