LESLIE J. BROWN *vs.* JENNIE ROUILLARD.

Somerset.     Opinion December 28, 1917.

*General rule applicable to declarations in actions of slander.    Effect of filing*
*specifications.    How same are to be considered.*

This is an action for slander, in which the plaintiff complained that the defendant
accused him of burning his buildings to defraud his insurers.    In response to an
order of court the defendant filed the following specification.    "The words 'you
burned your buildings' is the language claimed to have been uttered by the
defendant, relied upon as being actionable"—Defendant thereupon filed a
special demurrer which was sustained by the presiding Justice, to which ruling
plaintiff excepted.

*Held:*

1.  The specification amended the declaration, stated the ground of plaintiff's
claim and restricted his right of recovery to that claim.

2.  When words complained of are harmless in themselves, or of doubtful import,
a declaration for slander must contain averments sufficiently full and complete
of such facts and circumstances as together with the uttered words justify the
hearers in giving to the language a slanderous interpretation with at least a
reasonable certainty.

3.  Omission of such averments will not be aided by innuendos and those cannot
add to, or extend, the sense or effect of the words set forth, or refer to any thing
not properly alleged in the declaration.

Action on the case for slander.    The declaration originally con-
tained four counts.    The writ was entered at the January term, 1917,
Somerset County.    At the April term, 1917, defendant filed motion
asking that the plaintiff file specific items under the third and fourth
count of his writ.    At said April term, by agreement, the first, second
and third counts of plaintiff's declaration were stricken out and speci-
fications filed under the fourth count.    Defendant thereupon was
given leave to file demurrer with right to plead over.    Demurrer was
sustained by presiding Justice; to which ruling plaintiff filed excep-
tions.    Exceptions overruled.    Demurrer sustained.

Case stated in opinion.

*Merrill & Merrill,* for plaintiff.

*Fred F. Lawrence,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

MADIGAN, J. This is an action for slander; the declaration reading as follows:—

"For that the said Jennie Rouillard, at said Skowhegan, fraudulently and maliciously contriving and intending to injure, blacken and defame the said Leslie J. Brown, in his good name and reputation, on the fourth day of September, A. D. 1916, and there, on divers days and times between that day and the day of the purchase of this writ, in certain other discourses which the said defendant then and there had with divers good citizens of this State of and concerning the said Leslie J. Brown, did fraudulently, falsely, maliciously, openly and publicly charge the said Leslie J. Brown with the crime of burning his own property to defraud his insurers, in the presence and hearing of the said citizens, by which false and malicious charge and accusation the said Leslie J. Brown has been greatly injured and prejudiced in his good name, character and reputation, and has been and is exposed to a prosecution for said crime and has undergone great pain, distress and trouble of mind and body, and has otherwise been greatly injured, to the damage of said plaintiff, (as he says) the sum of Two Thousand Dollars, which shall then and there be made to appear with other due damages."

In response to the order of court the plaintiff filed the following specification;—"The words 'you burned your buildings' is the language claimed to have been uttered by the defendant relied upon as being actionable."

The defendant thereupon filed a special demurrer claiming that the declaration and specifications set forth no legal cause of action. The case is before the court on exceptions to the ruling of the presiding Justice sustaining the demurrer.

It is well settled that the specification is practically an amendment to the declaration and the two must be considered together. "A specification must particularly state the ground of claim, the gist of the action. It limits the proof and restricts the right of recovery to that claim." *Gooding* v. *Morgan*, 37 Maine, 423. "The claim of the plaintiff is restricted and his right to recovery limited by his specification." *Carson* v. *Calhoun*, 101 Maine, 456. *Smith* v. *Kirby*, 10 Met., 150. "The bill of particulars should give as much informa-

tion as a special declaration so that the defense may know the real ground of the action." *Babcock* v. *Thompson*, 3 Pick., 446.

"A bill of particulars is an amplification of more particular specification of the matter set forth in the pleading. The declaration, plea, or notice of set-off, may be so general in its terms that the opposite party will not be fully apprised of the demand which will be set up on the trial, and he is therefore permitted to call on his adversary to give a more detailed and particular statement of the claims on which he intends to rely. When the bill is furnished, it is deemed a part of the declaration, plea, or notice to which it relates, and is construed in the same way as though it had originally been incorporated in it."

Another court states the principle thus: "Specifications or bills of particulars are of the nature of amendments to the declaration. They become part of the record only by the allowance or order, actual or presumed, of the court. The defendant may apply to the court to order a specification in cases where from the indefiniteness of the declaration he is uncertain what claim in particular is designed to be insisted upon, and the court may order specifications to be filed forthwith or at a specified time, and the specifications, being filed in pursuance of such order, *become a part of the declaration and of the record and may be treated as such in the pleadings.*" *Benedict* v. *Swain*, 43 N. H., 33.

"One furnishing a bill of particulars under an order of court must be confined to the particulars he has specified as closely and effectually as if they constituted the essential allegations in a special declaration." *Commonwealth* v. *Giles*, 1 Gray, 466, 469.

In its original form the writ alleged a charge of crime which being actionable per se the allegation was sufficient. *Kimball* v. *Page*, 96 Maine, 487. *True* v. *Plumly*, 36 Maine, 477. But as amended it charges the uttering of words, harmless in themselves, and which could only be slanderous when united by the hearers with facts and circumstances, which together with the uttered words conveyed a charge of crime. Averments sufficiently full and complete, to set forth such facts and circumstances, are essential to support a charge of slander when the words, as in this case, are harmless or of doubtful import.

"Words cannot be regarded upon demurrer to the declaration as actionable unless they can be interpreted as such with at least a

reasonable certainty.  In case of uncertainty as to the meaning of the
expression of which the plaintiff complains he must make the mean-
ing certain by means of proper colloquium and averment.  It is
always within his power to do so."  *Wing* v. *Wing*, 66 Maine, 62.

In *Emery* v. *Prescott*, 54 Maine, 389, plaintiff brought an action of
libel on the ground that the article suggested he should be carried
back to Thomaston where he came from.  The innuendo alleging that
the article intended to convey the charge that the plaintiff had been
an inmate of the state's prison, the court says, "in the absence of any
introductory matter, by the way of explanation, carrying him back to
Thomaston would be no more libellous than carrying him back to any
other town.  Nor does the innuendo that Thomaston means 'the
state prison situated in the town of Thomaston, which place is known
by the name of the town,' unexplained by introductory matter, make
the words actionable, which, without innuendo would not be libellous.
An innuendo is only explanatory of some matter already expressed;
it serves to point out when there is precedent matter but never for a
new charge; it may apply to what is already expressed but cannot
add to or enlarge or change the sense of the previous words."
"Upon its face then the libel contains no words charging the plain-
tiff with having been convicted and sent to the state's prison at
Thomaston.  It is sought by innuendo to make these words libellous
but as has been seen the authorities concur in the proposition that an
innuendo cannot enlarge or alter the meaning of the words which con-
stitute the alleged libel."

"If the libel or words did not acknowledge, or per se convey the
meaning the plaintiff would wish to assign to them, are ambiguous
and equivocal, and require explanation by reference to some extrinsic
matter to show that they are actionable, it must be expressly shown
that such matter existed and that the slander resulted therefrom.
When what is complained of in the declaration as a libel does not,
upon the face of it, apply to the plaintiff and impute a libel, there must
be an inducement stating such facts as will support an innuendo and
show the libellous application of the statement to the plaintiff."  1st.
Chitty on Pleading, 401.

"The innuendo is larger than the natural meaning of the words and
the rule is that an innuendo cannot enlarge the meaning of the words
unless it is connected with some matter of fact before expressly

averred." *Angle* v. *Alexander*, 20 E. C. L., 71. *Burbank* v. *Holmes*, 39 Maine, 233-236.

"When the slander is prima face actionable, as calling a person directly a thief or charging him with having been guilty of perjury, a declaration stating the defendant's malicious intention of the slander concerning the plaintiff, is sufficient without any preparatory inducement." 1st. Chitty on Pleading, 381. "Where the words themselves are such as can only be understood in a criminal sense no inducements of any extrinsic matter is requisite, but if the charge is not necessarily slanderous the plaintiff must by way of introduction or inducement state that some fact has taken place to which the defendant alluded and to which the innuendo must afterwards refer." Citing 2nd Chitty on Pleading, 256, note s.

It is said by Lord Kenyon in *Holt* v. *Skofield*, 6 D. & E., which was an action of slander for the charge against the plaintiff made by the defendant that he had resworn himself, either the words themselves must be such as can only be understood in a criminal sense or it must be shown by a colloquium in the introductory part that they have that meaning, otherwise they are not actionable.

Under the modified procedure in Massachusetts observance of these rules is still required.

In *Brettun* v. *Anthony*, 103 Mass., 37, the court said:

"Words in themselves harmless, or of doubtful import, become slanderous when used with reference to known existing facts and circumstances in such manner as to convey to the hearer a charge of crime. This limited protection to reputation the law attempts to give against indirect verbal imputation. It must however be made apparent, by suitable averments in the declaration, that the language employed was used by the defendant slanderously, to the extent stated; and the words, when taken in their plain and natural import, must be capable of the meaning attributed to them."

"The facts which determine the alleged meaning are usually stated in a prefatory manner, followed by a positive averment, or colloquium, that the discourse was of and concerning these circumstances. Whatever the particular order of their arrangement, these averments become material and traversable, and it must appear from them that the words impute the alleged offence. It is a further elementary principle, that the colloquium must extend to the whole of the prefatory inducement, necessary to render the words actionable."

"An omission in the respect indicated will not be aided by mere innuendoes, whose office cannot add to or extend the sense or effect of the words set forth, or refer to anything not properly alleged in the declaration. *Snell* v. *Snow,* 13 Met., 278. General allegations, that the defendant charged the plaintiff, falsely and maliciously, with the commission of a particular crime, accompanied by innuendoes, however broad and sweeping, will not aid a declaration otherwise imperfect. Thus, the act of burning one's own property becomes a crime only under special circumstances, as when done for the purpose of defrauding the insurers, or in violation of the provisions of the bankrupt act. Conversation about such burning, otherwise innocent, or of doubtful import, may be made actionable, if reference was had in it to these special circumstances, in such manner as necessarily to impute the crime. And the declaration is defective, if it does not set this forth by suitable averments."

"It is no answer, that facts and circumstances enough are stated, unless it is also averred that the speech of the defendant was with reference to such facts, or so many of them as are essential elements in the crime. Nor is this want supplied by alleging that the defendant, at the time of speaking the words, had knowledge of the particular circumstances which make the act of which he speaks criminal. He is to be charged only for a wrong actually committed, irrespectively of his secret knowledge or intent. He is responsible only for the meaning which the words used by him, reasonably interpreted, convey to the understanding of the persons in whose presence they were uttered. See *Fowle* v. *Robbins,* 12 Mass., 498; *Bloss* v. *Tobey,* 2 Pick., 320; *Carter* v. *Andrews,* 16 Pick., 1, 5; *Sweetapple* v. *Jesse,* 5 B. & Ad., 27."

*Exceptions overruled.*
*Demurrer sustained.*